Corn, Jo.
This is a proceeding to vacate an injunction granted by the probate judge of Johnson county under the provisions of section 2921 of the Revised Statutes of Wyoming; and the only question which it is necessary for us to decide is whether the probate judge, by virtue of that section, had jurisdiction to grant the injunction. Section 2921 provides the injunction may be granted at the time of commencing the action, or at any time afterwards, before judgment, by the district court or a judge thereof, or, in the absence from the county of such judge, by the probate judge of the county, upon its appearing satisfactorily to the court or judge, by affidavit of the plaintiff or his agent, that the plaintiff is entitled thereto. Had the legislature authority to confer jurisdiction, in matters of injunction, upon the probate judges? This is a question which is well settled upon principle and by authority. The organic act of Wyoming vests the judicial power of the territory in the supreme court, district courts, probate courts, and justices of the peace, and provides that the juris *193 diction of the several courts herein provided for, both appellate and original, and that of the probate courts and justices of the peace, shall be as limited by law. This act stands as the constitution or fundamental law of the territory. It creates the courts, and distributes the judicial power among them. It vests the general common-law and chancery jurisdiction of the territory in the supreme and district courts. It invests the probate courts with probate jurisdiction; and what that jurisdiction is, is to be determined by the general nature and character of such courts, as they are recognized in our system of jurisprudence. The granting of an injunction is clearly not an exercise of probate jurisdiction. Congress having created these courts, and distributed the judicial power among them, it is not competent forthe territorial legislature to change that distribution by taking away from one court powers with which it is invested by congress, or by investing another with powers not vested in it, and foreign to the purpose for which it was established. Section 2921, in so far as it attempts to do this, is inconsistent with, and in violation of, the organic act. This principle is settled by such frequent decisions of the courts that it is not necessary to argue it in detail. Ferris v. Higley, 20 Wall. 375; Locknane v. Martin, McCahon, 60; Moore v. Koubly, 1 Idaho, 55. It follows that probate courts and probate judges within apd for the various counties in Wyoming have no such jurisdiction as empowers them tograntinjune-tions.
Maginnis, C. J., and Saueley, J., concur.