## JENKINS v. CITY OF CHEYENNE.

### RESERVED QUESTIONS.

1. Whether plaintiff's petition states facts sufficient to constitute a cause of action is not a proper question to be reserved for the decision of the Supreme Court under the provisions of Section 4276, Revised Statutes, authorizing an important and difficult question arising in an action to be reserved for the decision of said court.

[Decided September 30, 1903.]            (73 Pac., 758.)

RESERVED questions from the District Court, Laramie County, HON. RICHARD H. SCOTT, Judge.

*W. B. Ross* and *Clyde M. Watts,* for the plaintiff.

*E. W. Mann,* for the defendant.

(Abstracts of the briefs are omitted for the reason that they mainly discussed the points involved in the reserved question, which the court declined to consider.)

KNIGHT, JUSTICE.

This action was brought by the plaintiff against the defendant corporation to recover for personal injuries received by reason of a defective sidewalk within the corporation limits. To the petition of plaintiff the defendant corporation filed a general demurrer, and by virtue of Section 4276, Revised Statutes, the District Court submits to this court for its decision the following question: "Does the petition of the plaintiff filed in this cause state facts suf-

ficient to constitute a cause of action in favor of the plaintiff, Helen Jenkins, and against the said defendant, the City of Cheyenne?"

The objections to Section 4276 aforesaid, which caused its amendment and re-enactment by the last Legislature, are all warranted by the proposed question, and while counsel have each urged that the intention was to submit a question other or embracing less than the one asked, we are of the opinion heretofore announced by this court, that this or similar questions are not properly presented under authority of said section. (The Grand Island & Northern Wyoming Railroad Co. v. Baker, Treasurer, et al., 6 Wyo., 369; Rasmussen v. Baker, 7 Wyo., 117; The Farm Investment Co. v. Carpenter et al., 9 Wyo., 110.) And we direct the return of this case to the District Court of Laramie County with said question unanswered.

CORN, C. J., and POTTER, J., concur.