# SMITH ET AL. v. HEALY ET AL.

RESERVED QUESTIONS—JURISDICTION—INJUNCTION—STATUTORY CONSTRUCTION.

1. An order certifying a cause for the decision of the Supreme Court on important and difficult questions, without stating the questions, is insufficient to confer jurisdiction upon said court.

2. An order of the District Court being ineffectual to reserve any question for the decision of the Supreme Court for a failure to state the questions intended to be reserved, the Supreme Court could not acquire jurisdiction to determine such questions from an order subsequently made stating the questions, where in the meantime the statute authorizing such reservation had been amended so as to permit the reservation of constitutional questions only, and no such question was reserved.

3. The Supreme Court is without jurisdiction to entertain a motion to dissolve a temporary injunction granted by a District Court, while the cause is pending in such District Court.

4. The provision of Section 4051, Revised Statutes, 1899, is void which attempts to authorize the dissolution by the Supreme Court of an injunction in a pending cause in a District Court.

[Decided February 18, 1904.]          (75 Pac., 430.)

RESERVED questions from the District Court, Weston County, Hon. JOSEPH L. STOTTS, Judge.

The case came up on reserved questions, and also on a motion filed by defendants for the dissolution of an injunction granted in the District Court. The facts are stated in the opinion.

*M. B. Camplin* and *W. S. Metz,* for plaintiffs.

*E. E. Lonabaugh,* for defendants.

The briefs discussed the propositions involved in the questions attempted to be reserved, which the court declined to consider for want of jurisdiction.

Potter, Justice.

In this case it appears that suit was brought by the plaintiffs in the District Court against the defendants, and a temporary injunction was ordered by the District Court Commissioner, as prayed for in the petition, restraining the defendants from entering upon certain lands with sheep and grazing sheep thereon, or watering them from the waters on said lands. It further appears that on the 3d day of January, 1903, the cause was brought on for hearing before the District Court upon a motion to require the petition to be made more definite and certain, which motion was granted, and the amendment made, whereupon on the same day the cause came on further to be heard upon the demurrer of the appearing defendants to the first cause of action contained in the amended petition. On consideration of said demurrer, the court ordered that certain lands be released and discharged from the operation of the restraining order, and that, as so modified, said restraining order be continued in force until the further order of the court. And thereupon the court found, as shown by the record, "that difficult and new questions have arisen in the consideration of said demurrer herein, and that said new and difficult questions should be certified to the Supreme Court of Wyoming for its determination," and it was ordered as follows: "It is hereby further adjudged and ordered that the Clerk prepare and certify the record herein upon the demurrer filed herein, and the difficult and new questions involved therein, to the Supreme Court of this State for its answer and determination." On the 8th day of January, 1903, an order was entered *nunc pro tunc* as a part of the order of January 3d, dissolving the injunction as to certain lands and continuing it in force as to other lands. In this condition the record remained until September 7, 1903, when the following entry was made: "The above entitled cause coming on for hearing upon the motion of defendants that the cause be dismissed, and the court being fully advised in the premises, doth deny said motion; and doth order

that the questions of a new and difficult nature, heretofore ordered certified to the Supreme Court, be prepared, and that said cause be duly certified to said Supreme Court in pursuance of said mentioned former order of this court."

On the 24th day of September, 1903, there appears to have been filed with the Clerk of the said District Court an order, signed by the Judge, purporting to state the difficult questions upon which the decision of the Supreme Court was required. That order shows that the issue before the court arose upon a general demurrer to the first cause of action, and then proceeds as follows: "It is considered by the court that the issue thus formed raises an important and difficult question, far reaching in its effects. Wherefore, upon the court's own motion, the matter is reserved to, and the same is hereby ordered to be sent to the Supreme Court of the State of Wyoming for its decision thereon, each of said parties to pay one-half the docket fee, and the costs which each may incur. It is further ordered by the court that the Clerk of this court transmit the original papers in the case involving the questions reserved to the Clerk of the Supreme Court, there to be dealt with as the law provides." The order then proceeds to state the questions reserved. It is unnecessary to here repeat them. It is sufficient to say that, as conceded by counsel for both parties, they are not constitutional questions.

When the order of January 3, 1903, was made and entered, the statute for the reservation of questions for the decision of this court was as follows: "When an important or difficult question arises in an action or proceeding, pending before the District Court in any county of this State, the Judge of said court may, on motion of either party, or upon its own motion, cause the same to be reserved and sent to the Supreme Court for its decision." (R. S., Sec. 4276.) By an act of February 21, 1903, which took effect on that date, said section was amended to read as follows:

"When an important and difficult constitutional question arises in an action or proceeding, pending before the Dis-

trict Court in any county of this State, the Judge of said court may, on motion of either party, or upon his own motion, cause the same to be reserved to the Supreme Court for its decision. Provided, That all cases pending when this act shall take effect, in which other than constitutional questions shall have been heretofore reserved for the decision of the Supreme Court, shall be conducted to a decision of such questions in said Supreme Court in all respects as now provided by law." (Laws 1903, Ch. 72.)

It may be conceded, without deciding it, that had an order been regularly made lawfully reserving any questions to this court for its decision, so as to confer power or jurisdiction upon this court to act upon and determine them, the case might be considered as "pending" within the meaning of the proviso of the act of 1903, although the papers had not reached this court at the time of the enactment of said amendatory statute. By the amended statute the jurisdiction of this court to consider and decide important and difficult questions arising in an action or proceeding, upon the reservation of such questions before judgment, is limited to constitutional questions. The questions reserved in this cause being other than constitutional in character, the serious question arises whether, upon the record, this court is possessed of jurisdiction to hear and decide them. We have no disposition to avoid a decision of the questions reserved in this or any other case if the power to do so is conferred upon the court; but, on the other hand, this court has no right or authority to assume a power it does not have, and which has been expressly and intentionally taken from it. The questions suggested by the learned District Judge are important and no doubt difficult, and the convenience and interest of the parties might possibly be better subserved if they could be decided in this proceeding. Yet we must refuse to consider them unless jurisdiction to do so has been vested in the court.

It will be observed that the order of January 3, 1903, fails to designate the questions arising in the case deemed

by the court to be important and difficult, and they are not stated in any form except in the order filed in the office of the Clerk of the District Court September 24, 1903. In the earliest case arising under the statute authorizing the reservation of questions to the Supreme Court for its decision, decided in September, 1888, it was held that, in the absence of a statement of the questions, the Supreme Court was without jurisdiction. In that case the order of the District Court certified that there were difficult and important questions involved, but it failed to state what those questions were. The court said:

"We conceive it to be indispensable to any action by this court that the question which is conceived to be difficult or important should be specially stated by the District Court, and without such statement this court has no power to consider any questions which may arise in the case. It is, therefore, the opinion of the court that there is nothing before them on which the court may act." (Corey v. Corey, 3 Wyo., 210.) And in line with that decision the court has held in several cases that, under the statute aforesaid, questions, and not cases, are brought to this court for decision. Hence, such general questions as whether a petition states facts sufficient to constitute a cause of action, or whether a demurrer ought to be granted or overruled, or what judgment should be entered, have been held to be questions without the purview of the statute. (Grand Island & N. Wyo. R. Co. v. Baker, 6 Wyo., 369; Rasmussen v. Baker, 7 Wyo., 117; State ex rel. Perkins v. Board, 7 Wyo., 161; Kelley v. Rhoads, 7 Wyo., 237; Foote v. Smith, 8 Wyo., 510; Farm Inv. Co. v. Carpenter, 9 Wyo., 110; Jenkins v. City of Cheyenne, ante 79, 73 Pac., 758.)

In Board of Commissioners of Carbon Co. v. Rollins, the decision in Corey v. Corey was directly approved. And we then said: "The statute does not contemplate that this court shall sift the record or proceedings to ascertain the possible questions arising in the case. The District Court should distinctly state the question found to have arisen in

the case, and deemed to be either important or difficult, or both." In that case, however, there was an agreed statement of facts in which was set forth the question involved, and it was held that the order of the court was to be construed as referring to that question; and that question only was considered.

We think it entirely clear, therefore, that the order of the District Court of the 3d of January, 1903, did not confer any jurisdiction upon this court. Had the papers been sent here upon that order we would have been compelled to refuse consideration and to require the papers to be returned without action. At the time the subsequent orders were made attempting to reserve the questions and to state them, the District Court was without authority to reserve such questions for the decision of this court, and no authority resided in this court to consider or decide them upon such a reservation. The case does not come within the protection of the proviso of the act of 1903, for the obvious reason that no questions had theretofore been reserved for the decision of this court. An essential feature necessary to confer jurisdiction upon this court was entirely lacking from the January order, and the case remained in the District Court for its determination of the demurrer the same as though a reservation of the questions had not been suggested or attempted. It is clear, therefore, that the order of September, 1903, obtained no validity by reason of the previous January order.

We are constrained, therefore, to hold that this court is without jurisdiction, and the case will be stricken from the docket, and the papers ordered returned to the District Court.

It seems proper that we state our views as to the jurisdiction of this court upon another matter that has been brought into the case incidentally. The defendants have filed a motion in the case asking this court to dissolve the temporary injunction allowed in the District Court. We have heretofore, since the admission of Wyoming as a state, and

the taking effect thereby of the constitution, declined orally to entertain a mere motion filed or attempted to be filed in this court before trial for the vacation of an injunction issued out of a District Court, when the cause itself was not here and could not be here by virtue of appellate proceedings. In view of the fact that there has been continued in our statutes a provision authorizing such a motion to be filed and considered here, we have deemed it advisable that our view of the question be made matter of record.

It is provided by Section 4051, Revised Statutes of 1899, that when an injunction has been granted, a party may, at any time before the trial, apply to the court in which the action is pending, or a Judge thereof, *or to the Supreme Court, or a Judge thereof,* to vacate or modify the same. That section was formerly Section 2932, Revised Statutes of 1887, and was an enactment of the Territorial Legislature. By the act of Congress organizing the territory, it was provided that the jurisdiction of the several courts should be as limited by law, with certain restrictions that are unimportant in this connection. It was doubtless lawful, therefore, for the legislative assembly of the territory to confer the power named upon the Supreme Court and its Judges, and the power was exercised under the territorial form of government in at least one case. (McCray v. Baker, 3 Wyo., 192.)

The jurisdiction of the Supreme Court is, however, now fixed by the constitution. It possesses general appellate jurisdiction, coextensive with the State, in both civil and criminal causes, and is vested with a general superintending control over all inferior courts, under such rules and regulations as may be prescribed by law. (Const., Art. 5, Sec. 2.) By Section 3 of the same article original jurisdiction is conferred upon the Supreme Court in certain matters. It is given original jurisdiction in quo warranto and mandamus as to all state officers, and in habeas corpus; and it is vested with authority to issue writs of mandamus, review, prohibition, habeas corpus, certiorari and other writs neces-

sary and proper to the complete exercise of its appellate and revisory jurisdiction.

It is clear that a mere motion filed or presented before trial in this court for the vacation of an injunction granted in a District Court asks the exercise by this court of original jurisdiction in the cause. And we think it equally clear that the court does not possess such jurisdiction. The superintending control vested in the Supreme Court over inferior courts is to be exercised in a different way than by regulating or determining an action or proceeding pending in a District Court, upon a mere motion to vacate some order made by that court, especially when such order is within the jurisdictional authority of such court. (See State ex rel. v. Austherman, 11 Wyo., 410, 72 Pac., 200.) A motion such as we are now considering can only be addressed to the court upon the assumption that it has original jurisdiction in the premises. That assumption is erroneous. It follows, therefore, that the statute, although effectual when enacted and until the taking effect of the constitution, is now void in so far as it attempts to authorize this court to act in the manner indicated. (See Pittsburg, Ft. W. & Chi. Ry. Co.v. Hurd, 20 O. St., 144; Griffith v. Commissioners, 17 O., 609.)

The motion will, therefore, be denied on the ground that this court is without jurisdiction to entertain it.

Corn, C. J., and Knight, J., concur.