## SMITH v. STATE.

CRIMINAL LAW—LARCENY—MISBRANDING LIVE STOCK—PROOF OF OWNERSHIP—ADMISSIBILITY OF EVIDENCE—REASONABLE DOUBT—INSTRUCTIONS—CONFLICTING EVIDENCE.

1. In a prosecution for misbranding two suckling colts with intent to steal the same the prosecuting witness testified that two mares belonging to him and bearing his brand had each had a colt in the Spring, and with their unbranded colts had been turned out on the range, that he saw them together and while the colts were unbranded early in October, and when he next saw the mares about two weeks later the colts were not with them. He was thereupon permitted over objection to testify that at the time last mentioned the brands on the mares had been changed. *Held,* that it was proper to show what changes had been made in the brands on the mares, and the appearance thereof as indicating whether they had been recently changed, to enable the jury to determine whether the mares were the same ones turned out with the colts and were in fact the property of the witness.

(16)

2. The fact that evidence had been admitted of recent changes in the brands on the mares claimed to be the mothers of the colts did not render it error because misleading to instruct practically in the language of the statute that any person who brands or alters or defaces the brand of any horse, mule, sheep, or neat cattle of value, the property of another, with intent to steal the same, is guilty of a felony, since the evidence was all directed to proof of the branding of the colts with intent to steal them, and the jury were instructed that it was necessary for the State to prove every material allegation of the information by competent evidence beyond a reasonable doubt, such allegations being described in the instruction.

3. A reference in argument by the prosecuting attorney to the changes in the brands on the mares as having been made to prevent their identification was not prejudicial.

4. A requested instruction that the meaning of reasonable doubt is that it is such a doubt from all the evidence in the case that remains unsatisfied and unconvinced after a full consideration of all the facts and circumstances of the case, was properly refused as it did not correctly define the term "reasonable doubt."

5. The statute contemplates that a party desiring an instruction on any point of law in the case shall state to the court the proposition which he claims to be the law applicable to the point, and that the court shall then give or refuse it. It is not enough to merely state to the court that the party desires an instruction upon a certain point.

6. While it is not imperative that requested instructions be reduced to writing unless the other party requires it, yet that is the better practice, and the uniform practice in this jurisdiction.

7. In the absence of the presentation, either orally or in writing, of an instruction correctly defining the term "reasonable doubt," it is not error for the court to decline to give an instruction defining it.

8. There being a substantial conflict in the evidence but there being sufficient evidence to warrant the verdict of guilty, the verdict will not be disturbed on the ground that it is not sustained by the evidence.

[Decided May 22, 1909.]                    (101 Pac. 847.)

ERROR to the District Court, Big Horn County, HON. CARROLL H. PARMELEE, Judge.

Upon an information charging Ella Smith with misbranding two horses with the intent then and thereby to steal the same she was found guilty and sentenced to a term in the State penitentiary, and thereupon prosecuted error. The material facts are stated in the opinion.

*H. S. Ridgely and R. B. West,* for the plaintiff in error. ·

All the evidence in the case should be considered in determining whether the verdict is contrary to law and sustained by the evidence. (Phillips v. Terr., 1 Wyo. 82.) Upon the material evidence in the cause the crime charged is not established, and the cause should be reversed and remanded. (Bryant v. State, 7 Wyo. 312.) The plea of not guilty put in issue every material allegation of the information. (State v. Pressler (Wyo.), 92 Pac. 806.) The branding of the colts in question by the defendant is shown to have occurred through an honest mistake, while one of the necessary elements necessary to constitute the crime charged is the intent to steal. It was incumbent upon the State to establish the intent charged beyond all reasonable doubt. The intent was the only question in issue, since the branding was admitted.

It was error to admit testimony in reference to the branding of other horses than the ones mentioned in the information. That evidence tended to show another substantive and independent crime and did not even tend to connect defendant with its commission, nor to connect her with the crime charged in the information. The general· rule is that evidence respecting other crimes than the one charged is inadmissible. (People v. Gray, 5 Pac. 240; People v. Sharp, 107 N. Y. 427.) The only exceptions to the rule are limited to cases where proof of substantive offenses are admissible as matters *res gestae* or to show intent, *scienter,* or motive or to identify the defendant. (Underhill Cr. Ev. secs. 88-92; Wharton Cr. Ev. (9th Ed.) secs. 31-44; People v. Gray, *supra;* Edelhoff v. State, 5 Wyo. 19; Horn v. State, 12 Wyo. 80; Shriedley v. State, 23 O. St. 130.) Again the rule

is that before evidence of ,an extraneous crime can be admitted the defendant must be connected with its commission. (Wharton Cr. Ev. (9th Ed.) sec. 48; Com. v. Edgerly, 10 Allen, 184; People v. Thoms, 3 Park. Cr. 256; Underhill Cr. Ev., page 110, sec. 87.)

It was prejudicial error to refuse the requested instruction defining reasonable doubt, and it was error also for the court to refuse to give any instruction defining that term. (Wacaser v. People, 134 Ill. 438; State v. McKinzie, 102 Mo. 620; Toglia v. State, 229 Ill. 286; People v. Paulsell (Cal.), 46 Pac. 734; Com. v. Webster, 52 Am. Dec. 711; State v. Heed, 57 Mo. 252.) Prejudicial error occurred through permitting the prosecuting attorney over the objections of the defendant to argue to the jury that other horses than the ones charged in the information had been branded with the intent to prevent their identification.

*W. E. Mullen,* Attorney General, for the State.

The testimony of the defendant is not at all conclusive that her act in branding the colts was a mistake, for her statements with reference to that matter are not consistent. While she stated that she did not intend to steal the colts she made an admission that she did not know at the time they were branded by her to whom they belonged. Again, her subsequent offer to purchase the colts from Baldwin, the alleged owner, clearly indicates that she knew the colts did not belong to her. A criminal intent need not be established by direct evidence, but the jury may draw the inference from any facts in evidence which to their minds fairly prove its existence. (Bryant v. State, 7 Wyo. 311.) A number of circumstances shown by the evidence indicates the defendant's criminal intent. The placing of brands on range animals in a range country, especially upon a young unbranded animal, is an assertion of ownership. If it belongs to some other person it is a taking under the statute. (Terr. v. Chevez (N. M.), 30 Pac. 93; State v. Cardelli, 19 Nev. 319; Chestnut v. People, 21 Colo. 512.)

The instruction which followed the language of the statute in defining the crime was proper and was not objectionable in view of the evidence to the effect that the brands had been changed upon the mothers of the animals mentioned in the information. That evidence was admissible as bearing upon the question of ownership of the mares claimed by the prosecuting witness to be the mothers of the colts. It is not error to refuse an instruction which is not correct in its entirety. (11 Ency. Pl. & Pr. 234.) The requested instruction defining reasonable doubt defined that term incorrectly and the instruction was therefore properly refused. (Densmore v. State, 67 Ind. 306; Palmerston v. Terr., 3 Wyo. 333.) A mere request that the court give an instruction defining reasonable doubt is not sufficient to render the failure to define the term in the instructions prejudicial error, but it is the duty of the party desiring such instruction as well as any other to present an instruction containing the law upon the point correctly stated. (Curran v. State, 12 Wyo. 578; 11 Ency. Pl. & Pr. 238; Brantley v. State, 9 Wyo. 102.) It is held by a number of responsible authorities that it is not necessary for a trial court to define the term "reasonable doubt." (State v. Smith, 65 Conn. 283; State v. Jones, 37 Conn. 361; Miles v. U. S., 103 U. S. 304; Com. v. Costley, 118 Mass. 1; Com. v. Tuttle, 12 Cush. 502; Com. v. Cobb, 14 Gray 57; People v. Stubenval, 62 Mich. 334; State v. David, 28 Pac. 1092. See also State v. DeLea, 93 Pac. 814.) The argument of the prosecuting attorney with reference to the altering of the brands upon the mothers of the colts does not seem to have violated the rules of argument but amounted merely to a statement of the inferences drawn by the prosecutor from the circumstances shown by the evidence.

Beard, Justice.

The plaintiff in error, Ella Smith, was charged by an information filed by the county and prosecuting attorney of Big Horn County in the district court of that county, with the crime of unlawfully and feloniously branding two

horses, each of the value of $35.00, the property of J. M. Baldwin, with intent to steal said animals. She entered a plea of not guilty, was tried and convicted, and she brings the case here on error.

The horses that the prosecution claimed to have been so branded were two suckling colts, one a bay and the other a sorrel. The defendant testified in her own behalf and admitted that she branded the colts, but claimed that they were her property, or if they were not, that she branded them honestly believing them to be her property at the time. To prove the ownership of the colts the prosecuting witness, Baldwin, testified that he was the owner of two mares, one a bay and the other a sorrel, each of which had a colt in the spring of 1907, each colt being of the same color as its mother; that the mares and colts were turned out on the range when the colts were one or two months old, the mares being branded with his brand, the colts being unbranded at that time; that he saw them together about October 9, of that year and that at that time the colts were still unbranded; that he next saw the mares about October 25, 1907, but the colts were not with them. He was then permitted by the court to testify, over the objection of the defendant, that at that time the brands on each of the mares had been changed and other brands placed upon them, which he described. Another witness for the state was likewise permitted to testify as to what brands he observed upon the mares about October 12, 1907, and as to the appearance of the brands. Counsel for plaintiff in error contend that it was error to admit this testimony and say in their brief "that evidence was permitted to go to the jury of another substantive and independent crime, other than the one defendant was charged with, and being prosecuted for the commission of. Such evidence did not even attempt to charge defendant with the commission of such extraneous crime and in no manner connected her with it. Nor did it in any sense tend to fasten such crime on her or connect it with the crime she was charged with. As to who com-

mitted the crime of branding or altering or defacing the brands of the mothers of the colts in question the evidence does not speak;" and that, therefore, it was error to admit it. We think counsel misapprehend the purpose for which the evidence was admitted and for which it was competent. It devolved upon the State to prove that the colts were the property of Baldwin; and as tending to do so he had testified that these mares were the mothers of the colts and that after the mares and colts had been separated for some time each mare recognized her colt. He testified that the mares belonged to him although the brands upon them in the fall soon after the colts had been branded by defendant were different from his brand, which he stated was the only brand upon them when turned out in the spring. That being the situation it was proper to show what changes had been made in the brand, and the appearance of the brands as indicating whether they had been recently changed, etc., in order that the jury might be able to say whether these mares were the same ones he had turned out in the spring and were in fact his property. The evidence being competent for that purpose was properly admitted.

The court gave the jury the following instruction to which the defendant objected and excepted and assigns the giving of the same as error, viz.: "You are instructed that under the laws of this state any person who brands, or alters or defaces the brand of any horse, mule, sheep or neat cattle of value, the property of another, with the intent thereby to steal the same, is guilty of a felony." The instruction is almost in the language of the statute defining the crime, which is "whoever brands, or alters or defaces the brand of any horse, mule, sheep or neat cattle, of value, the property of another, with intent thereby to steal the same or to prevent the identification thereof, is guilty of a felony." The contention of counsel is that the instruction was misleading as the court had admitted the evidence in reference to the altering of the brands on the mares with which the defendant was not charged. But we cannot conceive how the

jury could have been misled by the instruction in view of the evidence which was all directed to proof of the branding of the colts with intent to steal the same; especially as the court in the next instruction told the jury that it was incumbent upon the state to prove every material allegation of the information by competent evidence beyond a reasonable doubt, and that those material allegations were that the "defendant on or about the first day of October, A. D. 1907, in the county of Big Horn and State of Wyoming, did then and there unlawfully and feloniously brand two horses, each of the value of thirty-five dollars, the property of J. M. Baldwin, with the intent then and there to steal said animals."

In this connection it is assigned as error that there was misconduct on the part of the county attorney in referring in his argument to the jury to the two mares as having been branded with intent to prevent their identification. The language used by him does not appear in the record and it is not claimed that he made any statement, or claimed that the changing of the brands on the mares was done by the defendant. Jurors must be regarded as men of ordinary intelligence and possessed of reasonable judgment; and we see no reason for believing that they were in any wise prejudiced against the defendant, or that the verdict would have been different, had no such reference been made by the county attorney.

The defendant requested the following instruction which the court refused to give, and that is assigned as error:

"The court instructs you that the meaning of reasonable doubt is, that it is such a doubt from all the evidence in the case, that remains unsatisfied and unconvinced after a full consideration of all the facts and circumstances of the case, and if you entertain a reasonable doubt upon any material element of the offense charged, or upon any material allegation in the information, then it is your duty to give the benefit of such doubt to the defendant and acquit her."

There was no error in refusing to give this instruction, as

it does not correctly define the term reasonable doubt. Indeed we are unable to understand what state of mind of the juror the language "it is such a doubt" etc., "that remains unsatisfied and unconvinced," etc., was intended to describe; and we think counsel must have omitted something from the instruction that he had in his mind.

It is also contended that the court erred in failing and refusing to give an instruction defining the meaning of a reasonable doubt, though requested to do so by the defendant. Our statute, Sec. 5371, R. S. 1899, provides, "When the evidence is concluded, either party may request instructions to the jury on points of law, which shall be given or refused by the court; which instructions shall be reduced in writing, if either party require it." And it is further provided in the same section, "Before the argument of the case is begun, the court shall immediately, and before proceeding with other business, charge the jury, which charge shall be reduced to writing by the court, if either party request it, and such charge or charges, or any other charge or instruction provided for in this section, when so written or given, shall in no case be orally qualified," etc. We are of the opinion that the meaning of these provisions is, that the party desiring an instruction on any point of law in the case, shall state to the court the proposition which he claims to be the law applicable to the point; and that the court shall then either give or refuse it. That it is not enough to merely state to the court that the party desires the court to instruct on a certain point; but he must present to the court what he claims to be the law. While it is not imperative that the instruction requested be reduced to writing, unless the other party require it, yet that is the better practice, and the uniform practice, we think, in this jurisdiction. In the case at bar the instruction above considered was the only one attempting to define a reasonable doubt, presented to the court; and in the absence of the presentation, either orally or in writing, of an instruction correctly defining the term, we think there was

no error in the court declining to make the attempt. In Shiver v. State, 41 Fla. 630, the court said: "If in any case a judgment can be reversed for failure of the trial judge to give a definition of reasonable doubt when the jury have been properly instructed that they must be satisfied of defendant's guilt beyond a reasonable doubt and give him the benefit of every such doubt, it can only be had in cases where a party presents an instruction containing a correct definition, and excepts to the court's refusal to give it." In support of this proposition see also People v. Ahern, 93 Cal. 518; Murphy v. State, 108 Wis. 111; Miller v. State, 106 Wis. 156; State v. Leeper, 78 Mo. 470; People v. Waller, 70 Mich. 237; Colee v. State, 75 Ind. 511; State v. Smith, 65 Conn. 283, and State v. Davis, 48 Kan. 1.

The only remaining question in the case is the usual one that the verdict is not sustained by the evidence. And as usual there is a substantial conflict in the evidence; but the jury under proper instructions has passed upon that question, the trial court held it sufficient, and there being in our opinion sufficient evidence to warrant the jury in finding the defendant guilty, the verdict cannot be disturbed on that ground. We find no prejudicial error in the record, and the judgment of the district court is affirmed.

*Affirmed.*

POTTER, C. J., and SCOTT, J., concur.