# CLAUSSEN v. STATE.
## (No. 737.)

CRIMINAL LAW—TRIAL—MISCONDUCT—APPLAUSE BY AUDIENCE—
WHEN GROUND FOR NEW TRIAL—REVIEW—APPEAL AND ERROR—
QUESTIONS FOR REVIEW—INSTRUCTIONS—REASONABLE DOUBT—DEFI-
NITION—WORDS AND PHRASES—"DOUBT"—"REASONABLE."

1. Questions involving a consideration of the evidence cannot
be considered on error where the bill of exceptions does
not contain any of the evidence.

2. Although an applause by the audience in the court room
during the trial of a criminal case is reprehensible, such
conduct is not a ground for new trial unless it impedes
the administration of justice or deprives the defendant of
a fair trial.

3. Where the trial judge has promptly checked an applause by
the audience and directed the jury not to be influenced by
such conduct, his subsequent denial of a motion for a new
trial on the ground of such misconduct of the audience
will not cause a reversal where it appears that the opposing
affidavits concerning the matter were conflicting, since the
trial judge determined by denying the motion that the
alleged misconduct did not impede the administration of
justice or deprive the defendant of a fair trial, and he
was better able than the Appellate Court to determine that
matter because of his personal knowledge of what occurred
at the time of the conduct complained of.

4. A motion in a criminal case made at the close of the case
for the state to require the prosecution to elect upon which
of two theories it would rely cannot be considered, where
neither the motion nor the evidence is incorporated in the
bill of exceptions.

5. A requested instruction to the effect that a reasonable doubt
is that state of mind which, after a full comparison and
consideration of all the evidence, leaves the minds of the
jury in that condition that they cannot say that they feel
an abiding faith amounting to a moral certainty that the
defendant is guilty, is erroneous, since the state of mind
produced by the evidence arises not alone "from a full
comparison and consideration" of the evidence, but after
a fair and impartial comparison and consideration of all
the evidence.

6. Such instruction fails to define "reasonable doubt," or make
its meaning any clearer to the jury than the phrase itself,
and it was therefore properly refused.

7. The failure of the court in a criminal case to give an instruction defining "reasonable doubt" is not ground for reversal where no instruction is requested correctly defining the term.

8. The word "doubt" is plain and simple to understand; it means to question or hold questionable, and "reasonable" means having the faculty of reason; rational; governed by reason; being under the influence of reason; agreeable to reason; just.

9. Where none of the evidence is in the bill of exceptions the only question presented on error by objections to instructions is whether they would be proper under any possible phase of the evidence in the case.

[Decided July 19, 1913.]　　　　　　　(133 Pac. 1055.)
[Rehearing denied October 27, 1913.]　　　(135 Pac. 802.)

ERROR to the District Court, Sheridan County, HON. CARROLL H. PARMELEE, Judge.

Herman Claussen was charged with the crime of murder in the first degree, convicted of involuntary manslaughter, and prosecuted error. The material facts are stated in the opinion.

*H. W. Nichols,* for plaintiff in error.

A defendant in a criminal case has the right to be tried decently and in order, in an atmosphere unpolluted by the breath of hostile public sentiment. If he has not been so tried a new trial should be granted. (Comm. v. Hoover, (Pa.) 75 Atl. 1023.) If a person prescribes for, or treats another for an ailment, acting with an honest intention and expectation of curing, even if the effect of the treatment is death, he is not guilty of manslaughter or culpable neglect. (State v. Schulz, 55 Ia. 628, 8 N. W. 469; Comm. v. Thompson, 6 Mass. 134; Rice v. State, 8 Mo. 561; Robbins v. State, 8 O. St. 138.) The series of instructions to the effect that if the culpable neglect of the defendant in any way hastened the death of the deceased were too broad, in that the "hastening" was not qualified as to time. It is error to refuse instructions which are prepared in writing and presented to the court with the request that they be

given, if they are relative to the issues, when no other in-structions on the subject are given by the court. In a case charging manslaughter by culpable neglect, the neglect must be shown to have been the cause of death, and the defend-ant is entitled to an instruction to that effect. (State v. Lowe, 68 N. W. 1094.) The court having given two in-structions for the state to the effect that they might believe the testimony of the defendant or not, it is error to refuse an instruction asked for by the defendant stating the proper rule as to disregarding his testimony. The defendant is en-titled to have an instruction given defining "reasonable doubt" where a proper instruction stating such definition is presented and requested. A request to give a presented in-struction should be granted, notwithstanding there may have been another instruction given respecting the matter, if the further instruction requested is deemed essential and is properly prepared and presented. (Bunce v. McMahon, 6 Wyo. 24; Smith v. State, 17 Wyo. 481.)

It appearing that the state was presenting its case upon two separate and distinct theories entirely inconsistent the motion to require the state to elect on which theory it would proceed was proper and should have been granted. (People v. Aiken, 11 Am. St. Rep. 512, 33 N. W. 821; Hamilton v. State, 37 S. W. 431.)

The defendant did not have a fair and impartial trial. The conduct of the audience shown by the affidavits in sup-port of the motion for new trial demonstrates the unfairness of the trial. The record showing this conduct is contained in the motion for new trial and said affidavits. It clearly appears from the affidavits that during nearly all of the trial the court room and entrances were packed with spec-tators. The people were not attracted to the trial as in an ordinary murder case, but because of popular prejudice against the defendant among the people residing in the com-munity where he lived. The opposing affidavits agree that the audience applauded at the end of the closing address of counsel for the prosecution, and that the court room was

crowded during the trial. The affidavits disagree as to the
sympathies and feelings of the audience and whether those
matters were manifest to the jury. It is a matter of common
knowledge that the feelings and attitude of an audience is
soon manifested. It is submitted that the jury in this case
must have realized or known what the feelings of the audi-
ence were, and that they were hostile to the defendant. Al-
though the court orally instructed the jury not to pay any
attention to the applause of the audience it is very doubtful
if the effect of such applause could have been taken from
the minds of the jurymen. (Hamilton v. State, 37 S. W.
431.) If there is any probability that any member of the
jury was influenced by such conduct a new trial should be
granted. (Id.)

*D. A. Preston,* Attorney General, for the State.

The trial court determined by denying the motion for
new trial that the fact of the applause by the audience had
not deprived the defendant of a fair and impartial trial, or
impeded the administration of justice, and no prejudice from
said misconduct appearing the judgment of the lower court
should not be reversed. (State v. Larkin, 11 Nev. 314;
Debney v. State, 45 Neb. 856.) The record does not show
an objection or exception at the time of the alleged irregu-
larity and therefore defendant is not in a position to urge
a new trial. (12 Cyc. 718; State v. Floyd, 61 Minn. 467.)
If the instructions given by the trial court over the objec-
tion of the defendant and the instructions requested by the
defendant and refused were covered by other instructions,
or if the action of the trial court in the giving and refusing
instructions was correct under any state of facts, the errors
complained of respecting the instructions cannot be sus-
tained. (Downing v. State, 11 Wyo. 86; Hill v. State, 43
Ala. 335; State v. Kern, 127 Ind. 465; Koppala v. State,
15 Wyo. 398.)

There is no merit in the contention that the court erred in
overruling the defendant's motion to elect upon which of its
two theories the state would proceed. The information

charged the defendant with the crime of murder in the first degree, and under it the defendant might be convicted of murder in the first or second degree or manslaughter. And evidence was admissible to show the unlawful killing of the deceased by the defendant by whatever means. The record does not show that the state was proceeding upon two theories as to the cause of the death of the deceased. While there is a statement in the record that the defendant moved at the close of the case for the state to require the state to elect upon which of two theories of the means used to produce death it would proceed, it cannot be said that any such state of facts developed upon the trial, for the evidence is not in the record. But if the evidence had disclosed two theories of the prosecution as to the means used by defendant in producing the death of the deceased, it would have been proper for the jury to consider the same. By its verdict of manslaughter the jury adopted the theory as to the means used to produce death most favorable to the defendant, and therefore if there was any merit in the error assigned, the error would be harmless.

SCOTT, CHIEF JUSTICE.

The plaintiff in error was charged by information in the statutory form with the crime of murder in the first degree, tried and convicted of the crime of involuntary manslaughter and judgment pronounced against him upon the verdict, and he brings error.

The bill of exceptions contains none of the evidence produced upon the trial, and for that reason our consideration of the case will have to be confined to those questions which do not involve a consideration of the evidence.

1. It is contended that there was misconduct of the audience during the trial, which was prejudicial to and prevented the defendant from having a fair trial. Upon this question the defendant presented affidavits in support of his contention, and the State presented affidavits in opposition thereto. The misconduct of the audience consisted in one or two outbursts of approval by the audience, which were promptly

checked by the judge who tried the case, and the threat was then made to clear the court room if there was a recurrence, and the court also directed the jury not to be influenced by such conduct. The matter was again brought to the attention of the trial court upon a hearing of the motion for a new trial and that court having upon the affidavits submitted and hereinbefore referred to, and in view of his personal knowledge of what occurred at the time of the conduct complained of was the better able to judge whether the conduct was prejudicial or not. While such conduct is reprehensible, it appears that the court pursued the right course, and if the conduct did not impede the administration of justice the defendant cannot complain. That it did not impede the administration of justice nor deprive defendant of a fair trial was determined by that court in view of its personal knowledge of the acts complained of, and from the conflicting affidavits submitted and we cannot say that the trial court erred in so finding.

2. It is urged that the court erred in overruling defendant's motion made at the close of the State's case in chief to require the State to elect upon which of its two theories it would proceed, "whether (first) upon the theory that the defendant was guilty of causing the death of the deceased Elise Claussen by strangulation or suffocation, or (second) upon the theory that the defendant caused the death of the deceased Elise Claussen by culpable neglect." This quotation is from the motion for a new trial. Neither the motion to require the State to so elect nor the evidence is incorporated in the bill, and for that reason the motion is not properly before this court for consideration.

3. The court gave no instruction to the jury defining reasonable doubt, although the defendant prepared and requested the court to instruct the jury "that reasonable doubt is that state of mind which after a full comparison and consideration of all the evidence, both for the State and the defense, leaves the minds of the jury in that condition that they cannot say that they feel an abiding faith amounting

to a moral certainty, from the evidence in the case, that the defendant is guilty of the charge as laid in the information. If you have such doubt—if your conviction of the defendant's guilt as laid in the information does not amount to a moral certainty, from the evidence in the case—then the court instructs you that you must acquit the defendant." It was not error to refuse this instruction. The state of mind produced by the evidence arises not alone from "a full comparison and consideration," but after a fair and impartial comparison and consideration of all the evidence. As to whether the court should have instructed as to what constituted reasonable doubt was discussed by this court in Smith v. State, 17 Wyo. 481, 101 Pac. 847, and we there said: "In the absence of the presentation, either orally or in writing, of an instruction correctly defining the term, we think there was no error in the court declining the attempt." The jury were properly instructed that they could not convict unless they were satisfied of defendant's guilt beyond a reasonable doubt, and that they should give him the benefit of such doubt. In our judgment there is no definition of reasonable doubt which would convey to a juror's mind any clearer idea than the term itself. The word *doubt* is plain and simple to understand. *To doubt,* as defined in Webster's New International Dictionary, means "To question or hold questionable," and the same author defines reasonable "as having the faculty of reason; rational; governed by reason; being under the influence of reason; thinking, speaking, or acting rationally, or according to the dictates of reason; agreeable to reason; just; rational." Courts have attempted in giving the definition of "reasonable doubt" to define the state of mind when a reasonable doubt may be said to exist. Every juror knows, or ought to know, what a doubt is, and the meaning of the word reasonable as applied to such doubt. Is it any clearer in meaning to say to a juror that if he be convinced from the evidence to a moral certainty of defendant's guilt then he has no reasonable doubt? What does moral certainty mean more than reason-

able certainty or beyond a reasonable doubt? In State v. De Lea, 36 Mont. 531, 538, 93 Pac. 814, 817, the court say: "Every attempt to define the apparently simple phrase 'a reasonable doubt' has been attended with the greatest difficulty, and it may fairly be said that in a great majority of instances the definitions do not convey any more accurate idea than the phrase itself. So great is the difficulty that some courts hold that it is not error to decline any attempt at a definition." (12 Cyc. 623.) Our statute does not expressly require the definition of "reasonable doubt" to be given to the jury. We think the definition requested failed to define "reasonable doubt" or make its meaning any clearer to the jury than the phrase itself, and for that reason the court did not err in refusing to give it.

Objection was made to the giving of other instructions, some or most of which referred to definitions of the higher degrees of the crime of which defendant was convicted. As already stated, there is none of the evidence given upon the trial incorporated in the bill of exceptions. The only question presented then is whether these instructions or any of them would be improper under any possible phase of the evidence.' (Downing v. State, 11 Wyo. 86, 70 Pac. 833, 73 Pac. 758.) We have examined the instructions in this view of the case and without further discussion find that plaintiff in error's contention in this respect is without merit. We find no error in this record, and the judgment will be affirmed.                               *Affirmed.*

POTTER, J., and BEARD, J., concur.

### ON PETITION FOR REHEARING.

PER CURIAM.

The plaintiff in error has filed a petition for a rehearing. No new point is raised and the motion is directed to matters discussed in his brief upon his petition in error and considered in the opinion. No good purpose would be subserved by a rediscussion of these assignments for after considering the petition and brief in support thereof we adhere to the opinion filed.                               *Rehearing denied.*