## STATE v. BERRY*
### (No. 1430; March 22, 1927; 254 P. 488.)

Constitutional Law — Statutes — Amendment Without Saving Clause—Criminal Law—Reserved Questions.

1. Where Laws 1927, c. 27, §§ 1, 5, prohibiting sale of carcasses of animals without inspection of hides, expressly repealed Comp. St. 1920, § 3112, as amended by Laws 1921, c. 55, without saving clause, and substantially changed prior law as respects inspection of hides before sale, and increased minimum punishment, questions relating to constitutionality of former statute are solely moot, and will not be considered by Supreme Court on reserved questions after conviction of defendant thereunder, which could not be sustained, but case will be returned to lower court for further proceedings in its discretion.

2. Under Comp. St. 1920, §§ 6398–6400, authorizing reservation of important and difficult constitutional questions only, Supreme Court has no jurisdiction to make any order, or designate order to be made, in particular case by district court, but is limited solely to determination of questions properly framed and sent to Supreme Court for consideration.

3. Under Comp. St. 1920, §§ 6398–6400, authorizing reservation to Supreme Court of important and difficult constitutional questions only, Supreme Court cannot enter an order vacating order of district court reserving questions for its consideration nor direct district court to dismiss action, or discharge defendant convicted under statute repealed, without saving clause, which action is within discretion of district court.

*See Headnotes:   (1) 12 CJ p. 780 n. 98 p. 782 n. 99.   (2) 17 CJ p. 205 n. 20, 22.   (3) 17 CJ p. 205 n. 22.

George Berry was convicted of an offense. On reserved constitutional questions from the district court. Questions returned unanswered, with directions.

*F. B. Sheldon, Jr.,* County and Prosecuting Attorney, for plaintiff, filed no brief.

*F. A. Michels,* for defendant.

Defendant demurred to the information and the District Court reserved certain constitutional questions for answer by the Supreme Court; the information was filed under Section 3112 C. S., which was repealed, by Chapter 56, Laws 1921, without a saving clause; the repeal of the statute defeated the pending prosecution against defendant; 36 Cyc. 1230. The right to prosecute ended with the unconditional repeal of said statute; the rule was clear and no authorities may be found to the contrary; the order of the lower court should be vacated with directions to discharge the defendant.

POTTER, Justice.

This case is here upon reserved constitutional questions involving the validity of a statute under which the defendant, George Berry, stands charged with the commission of a felony, upon an information filed by the prosecuting attorney in the district court of Fremont County. He demurred to the information on certain stated grounds: 1. That the facts stated do not constitute an

offense punishable by the laws of this state. 2. That the section and chapter of the statute (Ch. 55, L. 1921 and Sec. 3112, Comp. Stat. 1920 thereby amended) are unconstitutional. 3. That the enactment of said statute by the legislature is in excess of its powers as limited by the Constitution of the United States and the Constitution of this state.

Upon a hearing of that demurrer the district court made an order reciting that the facts and allegations of the information constitute an offense punishable by and under the provisions of Chapter 55 of the laws of 1921 and Section 3112, Comp. Stat. 1920 as amended by Section 1 of that chapter, provided that said chapter 55 and said section 3112 are not unconstitutional; and that there is involved in and arises under said action upon said demurrer, important and difficult constitutional questions upon which the decision of the Supreme Court is desired. And the questions are stated in said order in substance as follows: 1. Is the statute aforesaid not unconstitutional under the constitution of the United States as well as the constitution of this State? 2. Is Chapter 55, Laws of 1921, and Section 3112 aforesaid, thereby amended, in excess of the powers of the legislature of this state as limited by said constitutions? 3. Is said chapter and said section of the statutes in violation of Section 6 of Article I of the Constitution of this state, which provides that no person shall be deprived of life, liberty or property without due process of law?

The case upon the reservation of said constitutional questions was filed in this court on January 10, 1927. On February 18, a motion was filed by the attorney for the defendant in said cause, asking that this court enter an order vacating the said order of the district court reserving said questions to this court "with the direction to the said lower court that said action be dismissed and the defendant discharged," upon the grounds and for the reason that the whole of Chapter 55 of the Session Laws

of 1921 has been and now is repealed. And our attention has been called by the brief of the defendant in support of the motion to an act of the 19th state legislature recently in session, which in terms expressly repeals section 3112, Wyo. Comp. Stat. 1920 as amended and re-enacted by Chapter 55, S. L. 1921, and also the said chapter 55 (See Chapter 27, Laws 1927, Section 5) following Sections 1 to 4 inclusive relating to the subject embraced within Section 3112 aforesaid, and without, as contended, any saving clause which would keep alive prosecutions thereunder.

The original statute was part of Chapter 191, Comp. Stat. 1920, relating to the ownership, branding and ranging of live stock, providing for commissioners, inspectors, inspection of horses, mules and cattle and other animals, and providing certain offenses in connection therewith. Section 3112 of that compilation, found in said Chapter 191, provided as follows:

"Any person who may kill cattle for beef must produce on demand (of any person) either the hide of such animal or animals so killed for beef, or a certificate of inspection of the hide issued by the live stock inspector or his agent, or the sheriff or deputy sheriff. Any person convicted of violating the provisions of this section shall be guilty of a felony and shall be punished by a fine of not less than twenty-five dollars ($25.00) or more than five hundred dollars ($500.00)."

The new statute provides, in Section 1, that it shall be unlawful for any person to sell or offer for sale the carcass or any part thereof of any cattle without having the hide thereof inspected and tagged and the carcass or part thereof stamped as thereinafter provided by a county live stock inspector, a sheriff or deputy sheriff, or a constable or justice of the peace of the county wherein said animals were killed. And it is further provided in said section that any person who shall violate the provisions

thereof shall be deemed guilty of a felony and upon conviction thereof shall be imprisoned in the state penitentiary, for not less than one year or more than ten years, provided, however, that the provisions of the section shall not apply to carcasses or parts of carcasses of any cattle sold or offered for sale which bear the inspected and passed stamp of the United States department of agriculture. Section 2 provides certain duties of the person presenting the carcass for inspection and for stamping the carcass by the officer to whom the carcass or part thereof has been presented for inspection. Section 3 provides for the furnishing of stamps to be used by the officers and live stock inspectors whose duty it shall be to inspect hides, and certain other duties to be performed by them, and also for a fee for the inspection to be paid by the one presenting the hide or carcass for inspection.

Section 3111, Comp. Stat. 1920, contained a provision requiring a peddler of beef to have the hide of each beef tagged by the inspector or his deputy or the sheriff or his deputy before the same is peddled or offered for sale, and upon demand to produce said hide or the inspector's certificate of inspection. And there are other provisions in that section which do not seem to coincide even substantially with the provisions made in the new act, when considered in connection with Section 3112 providing the penalty and under which the defendant was prosecuted, and providing also that such a defendant might produce on demand either the hide of the animal or a certificate of inspection, and a limitation of the punishment for a violation thereof to a fine of not less than $25 nor more than $500. In none of the sections of the new statute does there appear any provision in the nature of a saving clause.

In Mahoney v. State, 5 Wyo. 520, 42 Pac. 13, 63 Am. St. Rep. 64, the general rule was stated that after a statute is repealed, without a saving clause, or without an affirmance in substantial terms of the enactment of the former

law, the former repealed statute, in regard to its opera-
tive effect, is considered as if it had never existed, except
as to matters and transactions passed and closed.    And
that if a statute defining and punishing an offense is re-
pealed, without a saving clause, before the final action of
the appellate court, it will prevent an affirmance of con-
viction and the prosecution must be dismissed or the judg-
ment reversed; where it appears also that the repealing
statute does not contain a substantial re-enactment of the
provisions of the old statute, so that a prosecution brought
under the old might be finished under the new act.    In
that case it was said, in the opinion by Groesbeck, Chief
Justice, considering the old and new statutes then under
consideration, as follows:

"The statutes are essentially different, the new one per-
mitting no removal of diseased sheep at all, except upon
the permission of a sheep inspector and then only for the
purpose of treatment for the disease, and providing a
greater minimum penalty than the former act, while the
former statute provided that scabby sheep may in fact be
removed from place to place in the county, or from one
county to another, with the permission or certificate of
the inspector, or without obtaining his certificate, to a
dipping corral, with the written consent of all sheep
owners along the route. * * * * The new statute does
not re-enact the old one, either as to the affirmance of the
former law in its many provisions defining the offense
under consideration, or in the quantum of punishment,
but repeals in express terms the former law and every
part of it, and enacts, so far as defining an offense is con-
cerned, substantially a new provision, with an enlarged
minimum of punishment, and nowhere saves prosecutions
under the former statute.    The statute * * * * being
a penal statute, and relating to the punishment * * * *
and not to methods of procedure, must be held to act
prospectively and cannot have a retroactive effect, as the
punishment is increased by enlarging the minimum of the
fine provided from $250 to $500, and as a new and dif-
ferent offense is created."

That case is fairly applicable here, and we think the difference between the two statutes now being considered is much greater than appeared in the case of the statutes considered in the Mahoney case. The former statute, under which the defendant here stands charged, provided a minimum punishment of $25 and a maximum punishment of $500, while the new statute provides, in case of conviction, for imprisonment in the penitentiary for not less than one year or more than ten years. And, as above suggested, there is a provision in the old statute that the person killing the animal may produce either the hide thereof or a certificate of inspection, whereas, in the new statute, it is unlawful to sell or offer for sale the carcass or any part thereof without having the hide thereof inspected and tagged and the carcass or part thereof stamped as thereinafter provided, by one of the officers named in the statute as inspector, and declaring that a violation thereof shall be a felony and upon conviction thereof the punishment shall be a penitentiary imprisonment as above stated.

The motion of the defendant, however, goes beyond the powers and jurisdiction of this court upon the hearing and consideration of a cause brought here upon reserved constitutional questions under the statute providing therefor. (Chapter 391, Comp. Stat. 1920, embracing the following numbered sections of that compilation: 6398, 6399, and 6400.) Originally, that statute authorized the reservation of any difficult or important question arising in an action or proceeding pending in the district court. But it was subsequently amended so as to permit the reservation of an *important and difficult constitutional question* only. In other respects the statute remains substantially in the form and language in which it was originally adopted. And under that statute it has been held by this court in many cases that it has no jurisdiction to make any order or designate the order to be made in the particular case by the district court, but that its jurisdiction

is limited solely to a determination of the questions properly framed and sent to this court for consideration by order of the district court. Corey v. Corey, 3 Wyo. 210, 19 Pac. 443; Commissioners v. Rollins, 9 Wyo. 281, 62 Pac. 351; Jenkins v. Cheyenne, 12 Wyo. 79, 73 Pac. 758; Smith v. Healy, 12 Wyo. 218, 25 Pac. 430. In Rasmussen v. Baker, 7 Wyo. 117, 50 P. 819, 38 L. R. A. 773, it was said:

"The 14th question is 'What judgment should be rendered in this action?' The statute authorizes questions, not cases, to be certified to this court for its decision. It may be said, not improperly perhaps, that the case is certified for the decision of the supreme court upon certain important and difficult questions, but in the strict sense, the case itself is not brought before us for determination. It is here temporarily, awaiting a decision upon the reserved questions. The papers must be here to disclose the fact that the reserved questions are actually involved. In our opinion, the 14th question is not a proper one for reservation."

We said in Farm, Investment Company v. Carpenter, 9 Wyo. 110, 61 P. 258, 50 L. R. A. 747, 87 Am. St. Rep. 918:

"Agreeable to the custom established in the consideration of reserved questions, we do not think it necessary to answer the 6th question, which asks whether the answer is sufficient to constitute a defense to the suit of plaintiff. That must be decided by the district court upon the principles herein laid down, so far as it is affected by the other reserved questions."

In Smith v. Healy, supra, quoting from a previous decision, this court said:

"We conceive it to be indispensable to any action by this court that the question conceived to be difficult or important should be specially stated by the district court, and without such statement this court has no power to consider any questions which may arise in the cause.

* * * * And in line with that decision the court has held in several cases that, under the statute aforesaid, questions, and not cases, are brought to this court for decision. Hence, such general questions as whether a petition states facts sufficient to constitute a cause of action, or whether a demurrer ought to be granted or overruled and what judgment should be entered, have been held to be questions without the purview of the statute.'' Citing cases.

We think it entirely clear, therefore, that this court cannot properly enter an order vacating the order of the district court reserving the questions for the consideration of this court. The vacation of that order must be left to the court which made it. Nor can this court direct the dismissal of the action or the discharge of the defendant by the lower court. For that is not within the jurisdiction conferred by the statute under which important and difficult constitutional questions are reserved to this court. Those are matters which must be taken up in the district court.

But, it appearing from the discussion aforesaid respecting the provisions of the former and the new statute and the repeal of the former, that the question now relating to the constitutionality of the former statute is of no consequence in the case and has become purely and solely a moot and abstract question, either for the determination of this or the district court, it seems that we may properly decline upon that ground, to consider the question reserved for our decision viz: the constitutionality of the former statute, and to return the case to the lower court for further proceedings, which may, we assume, include a proceeding for the dismissal of the action and the discharge of the defendant, though of course that is a mere suggestion and the matter itself must be left to the consideration of the district court. The situation would seem to be substantially the same as found in Foote v. Smith, 8 Wyo. 510, 58 P. 898. In that case, which came

to this court upon the reservation of certain important and difficult questions, it appeared that before a hearing thereon in this court, the plaintiff had filed a motion for the discontinuance of further consideration of the cause here for the reason that he had previously dismissed the action in the district court, as shown by a certified copy of the journal entry of the district court stating that the plaintiff had then come into court and entered a dismissal of the action without prejudice. And it appearing that notice of the motion to discontinue in this court had been served upon counsel for the defendants, and they had not appeared, it was held that the motion to discontinue further consideration here should be sustained and the clerk ordered to return the original papers to the district court. In considering the motion in that case the court said:

"Under the statute authorizing the district courts to reserve for the decision of this court important and difficult questions arising in a case, it has been held that questions and not cases, are authorized to be certified to this court; and that the case itself is not here for determination. * * * * We held in State ex rel v. Board of Comm'rs., (7 Wyo. 161, 51 P. 204) supra, that it was necessary for this court to examine the issues of the case to ascertain whether the reserved questions, in fact, arose in the case as presented, as it would be highly improper for this court to decide purely hypothetical questions. If the case then has, in fact, been dismissed in the district court, there are no questions here except such as are purely abstract in character and do not and can not affect the determination of any existing action. An action may be dismissed without prejudice by the plaintiff before the final submission of the case to the jury, or to the court, when the trial is by the court; and it may be so dismissed in vacation upon payment of costs; and the clerk in such case is required to make an entry thereof on the journal, whereupon the dismissal takes effect; but it cannot be so dismissed in vacation when a counter-claim of set-off has been filed. R. S. 2661. In this case there is no question of counter-claim or set-off. The questions arose upon the hearing of a demurrer to the petition. No objection

has been urged, so far as we are aware, to the dismissal
in the district court; and no reason has been pointed out,
and none occurs to us, why the plaintiff was not at liberty
to dismiss this case; unless the fact that certain questions
had been reserved to this court constitutes such a reason.
We are of the opinion that it does not.''

Thus, in that case, this court considered the right of
the plaintiff to dismiss the cause in the district court as
ground for its conclusion that the question which had
been reserved was without any further effect in the cause
but was purely abstract or moot. And so we think in this
case, to avoid injustice or delay, but rather to promote
the administration of justice, that we may consider, as we
have done, the effect of the new statute upon the old one
relating to the subject involved in the prosecution of the
defendant and to determine whether or not the reserved
questions should be retained here for consideration or
should be returned without decision to the district court,
thereby allowing the district court to take any proper
action in the case deemed necessary under the circum-
stances. In passing, we might say that it has seemed to
us the motion to dismiss the case and to discharge the
defendant might have been made in the district court
before coming here, as was done in the case of Foote v.
Smith, supra. But since it might happen that the district
court would feel disinclined or without proper authority
to determine the question of the fact of the repeal of the
statute upon which the prosecution was based, we have
deemed that also a matter to be taken into consideration
by this court in determining what action should be taken
upon the present motion of defendant.

An order will therefore be entered directing the return
of the questions unanswered, because of the repeal with-
out a saving clause of the statute under which the defend-
ant is being prosecuted in the district court, and the sub-
stantial dissimilarity between the old and new statutes,
which makes it unnecessary as well as improper for this

court to decide the reserved questions; they having thereby become abstract only and of no possible effect in the case.

BLUME, Ch. J., and KIMBALL, J., concur.