(115 So. 698)

## PRUITT v. STATE. (7 Div. 364.)

Court of Appeals of Alabama. Jan. 31, 1928.

Rehearing Denied March 6, 1928.

Longshore & Longshore, of Gadsden, for appellant.

Charlie C. McCall, Atty. Gen., for the State. Brief did not reach the Reporter.

SAMFORD, J. ■ The evidence for the state tended to prove that defendant was in possession of a still suitable to be used for the purpose of manufacturing whisky. At the same time and place where the parts of the dismantled still were found, the state's witnesses were allowed to testify over objection and exception that there were two barrels of beer, a large can that had had a fire around it, with some malt in the bottom which smelled like whisky, a furnace place about 30 feet away from where the beer and still parts were hidden, and at the place where the still parts were hidden under the fodder a three-gallon jug about two-thirds full of "blue looking" whisky. This was all a part of the res gestæ, related to the still parts, to be considered by the jury in passing upon the question of whether defendant possessed the still for the unlawful purpose of making whisky.

■■ It has many times been decided that a witness who knows may testify that a certain designated outfit is a complete still and suitable for making whisky, and a witness may also state as a shorthand rendition of a fact that a can had "fresh smoke" on it.

■ There was nothing prejudicial in allowing state's witness Leath to state that he had been to defendant's house several times and for that reason could not remember whether defendant was at home at the time the still was found.

■■ Witnesses for the state were permitted over objection and exception by defendant to say that they found a "furnace place there." This was but a shorthand rendition of facts. Moreover, this answer was immediately followed by a description of what the witness found.

■ On cross-examination of Vera Miller, a witness for defendant, the solicitor asked if the officers made more than one raid. The question was asked twice, and both times the witness answered that she did not know. This was no proof of any fact prejudicial to defendant.

■ A mistrial will not be ordered on the motion of the defendant, on account of illegal questions asked by the solicitor, where the court sustained defendant's objections, unless it clearly appears that the rights of the defendant have been so prejudiced as to render a fair trial a matter of grave doubt. The objection made in this case and sustained by the court is only an incident in the trial of almost if not every criminal case. To hold with the contention of defendant in this case would be to impede the orderly progress in criminal trials.

■ The excerpts from the court's general charge to which exceptions were reserved are in line with the statutes and the oft-repeated decisions of this court.

■ Refused charges 2 and 6 were covered by the court in his oral charge. Refused charge 3 invades the province of the jury. Refused charge 8 has frequently been condemned. Refused charge 9 is invasion of the province of the jury.

We find no error in the record, and the judgment is affirmed.

Affirmed.