[Crim. No. 1733. Second Appellate District, Division One.—November 26, 1928.]

THE PEOPLE, Respondent, v. JOSE RAMIREZ, Appellant.

John F. Groene for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and John D. Richer for Respondent.

CONREY, P. J.—By information duly filed, the defendant was convicted of the crime of violation of the State Poison Act, a felony, committed as follows:

"That the said Jose Ramirez on or about the 26th day of July, 1928, at and in the County of Los Angeles, State of California, did wilfully, unlawfully and feloniously sell, furnish and give away flowering tops and leaves of Indian Hemp containing more than four grains of Indian Hemp to the avoirdupois ounce, in violation of an Act entitled, 'An Act to regulate the Sale and Use of Poisons in the State of California, and providing a penalty for the violation thereof.'"

Defendant appeals from the judgment, and from an order denying his motion for a new trial. The so-called State Poison Act is a statute enacted in the year 1907 and amended at subsequent legislative sessions. The particular act alleged to have been committed by the defendant is forbidden by section 8 of that statute as amended in the year 1927. (Stats. 1907, p. 124; Stats. 1927, p. 106.) The statute is also contained, as Act 5994, in Deering's General Laws, 1923 edition. (See Deering's Consolidated Supplement of 1927, p. 1724, for said section 8, as now in force.) Section 8 reads in part as follows: "It shall be unlawful for

142

any person . . . to sell, furnish, or give away . . . flowering tops and leaves of . . . Indian Hemp . . . '' excepting upon the written order and prescription of a physician, etc. The fact that defendant made a sale of the prohibited article, as charged in the information, was established by the evidence. The article in question is known by the common name of marihuana. The principal ground of appeal is that the evidence of the prosecution itself shows ''that a trap was being laid by the colored woman Alice Joiner and the officers of the law to induce and persuade him to commit a crime''; and that where the commission of acts constituting such crime is solely the result of such inducement and persuasion, a conviction will not be sustained. Numerous authorities on this question are cited in the brief for appellant. It appears, however, that the rule invoked by appellant has been carefully considered, and the limitations under which it will be applied have been stated in recent decisions of our own state. In *People* v. *Heusers*, 58 Cal. App. 103 [207 Pac. 908], the court said: ''It is urged that the defendant was entrapped into the commission of the offense. The defendant was in no wise induced to make the unlawful sale except by the mere request for the liquor and payment of the price thereof. This court has decided adversely to appellant's contention in *People* v. *Barkdoll*, 36 Cal. App. 25 [171 Pac. 440], and *People* v. *Tomasovich*, 56 Cal. App. 520 [206 Pac. 119].'' In the Heusers case the defendant was convicted of unlawfully selling intoxicating liquor in no-license territory. Certain detectives, acting at the request of the sheriff and district attorney of Glenn County, sought to purchase liquor from the defendant, who agreed to and at an appointed place did deliver the liquor.

An examination of the evidence in the case at bar shows a similarity to the Heusers case on the essential point that the defendant was not induced to make the unlawful sale, except by the mere request for the marihuana and the payment of the price thereof. It appears that the witness Joiner had become acquainted with circumstances which led her to believe that defendant had been selling marihuana, and thereupon she informed the officers of her suspicion, and they made arrangements with her under which she obtained marihuana from the defendant and paid him

marked money therefor. This money was furnished by the officers. She went to the place where she expected to find defendant and did find him there, sitting in his car. She addressed him thus: "I asked him if he knew where I could get some marihuana and he asked me how many did I want. I asked him how much they were and he said 50 cents apiece, and I said, 'Well, I can't get but two because I haven't but a dollar.'" Thereupon defendant went away for a few minutes. On his return, the woman asked him "if he had it," and he said "Yes." They then walked down the street a short distance to a place where he gave her the marihuana and she gave him the dollar bill. The authorities seem to be clear that under these circumstances the case is not one of entrapment such as would justify a reversal of the judgment. There was no element of persuasion outside of the ordinary elements of purchase and sale between a willing purchaser and a willing vendor, where the offer is made by the purchaser and accepted by the vendor.

Appellant claims that the court erred in its refusal to give the jury a requested instruction on the subject of entrapment. As the instruction itself is erroneous, the refusal was correct. In the offered instruction the court was requested (after stating that "this is a case known as entrapment," etc.) to instruct the jury that "The testimony of the officers who used and had said complaining witness to entrap defendant into committing said crime, is entitled to very little, if any, weight whatsoever." Such instruction would have been an invasion by the court upon the proper functions of the jury, whose duty it was to weigh the evidence and find the facts.

The judgment and order are affirmed.

Houser, J., and York, J., concurred.