## STATE v. GONZALES

(No. 1811; June 27, 1933; 23 Pac. (2d) 354.)

The cause was submitted for the appellant upon the brief of *R. R. Gardner* of Glenrock, Wyoming.

54

The cause was submitted for respondent upon the brief of *J. A. Greenwood,* Attorney General, *Richard J. Jackson,* Deputy Attorney General; *George W. Ferguson* and *R. Dwight Wallace,* then assistants to the Attorney General.

BLUME, Justice.

The defendant in this case was charged with a felonious assault and battery upon Alvin Spillman with intent to murder. In a second count the defendant was charged with mayhem. A motion was made to compel the state to elect upon which count of the information it would proceed, and judging from the

instructions of the court, the state elected to proceed under the first count. The defendant was convicted of assault and battery with intent to commit manslaughter, sentence was imposed upon him, and he has appealed. The record contains the pleadings, the journal entries and the instructions of the court, but does not embody any of the evidence in the case.

The only error complained of is that the court refused to give to the jury the following instructions:

"The information in this case charges assault and battery with felonious intent, and from the fact of charging assault and battery with felonious intent it includes the crime of assault and battery."

We may assume that the premise of this instruction is correct, namely, that the crime of an assault and battery was included in the charge in this case. 31 C. J. 862; State v. Cooper, 31 Kans. 505, 3 Pac. 429. In fact it was assumed to be so included in the case of Brantley v. State, 9 Wyo. 102, 61 Pac. 139, the court saying that if the defendant had desired to have submitted the case upon the theory that the defendant was guilty only of an assault and battery, he should have requested an instruction to that effect. Strictly speaking the trial court in this case perhaps literally carried out the idea of counsel for the defendant since it instructed the jury that in order to find the defendant guilty, they should find, beyond a reasonable doubt, that the defendant committed an assault and battery upon Alvin Spillman. But counsel thinks that the requested instruction goes further, and he construes it as a direction that the jury might find the defendant guilty merely of an assault and battery. We shall, for the purpose of this case, assume this construction to be correct, and inquire whether we can find any error in the record upon that theory. Counsel evidently assumes that such direc-

tion should be given to the jury in every case in which a defendant is charged as in the case at bar, at least when an instruction to that effect is asked. But we think counsel is in error. This court said in Ross v. State, 16 Wyo. 285, 305, 93 Pac. 299, 305 94 Pac. 217, as follows:

"The instructions must and should be predicated upon the evidence in the case, and when the evidence shows the accused to be guilty of the higher grade of the offense or not guilty the court is not required to instruct upon the lower grades"

And that appears to be the general rule, for it is said in 30 C. J. 420:

"So also where the evidence shows that defendant is either guilty as charged in the indictment or is not guilty at all, or where otherwise there is no evidence in support of minor included offenses, instructions as to such offenses are neither necessary nor proper."

See also numerous cases collected in Dec. Dig. Sec. 310 (4) and 310 (5) under the subject of Homicide. This holding is not inconsistent with Section 33-1005, Wyo. Rev. St. 1931, which provides that upon an indictment for an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged, and guilty of a degree inferior thereto, for that section contemplates the conviction of a defendant for the lesser offense, when the evidence is insufficient to justify a conviction for the greater offense charged. People v. McNutt, 93 Cal. 658, 29 Pac. 243.

It is clear then that whether or not an instruction on an included offense should be given or not depends upon the evidence. When that is not in the record the only question presented as to the refusal of the instruction asked is as to whether or not it should have been given in any view of the case—that is to say, in

every case of the character presented herein. Koppala v. State, 15 Wyo. 398, 89 Pac. 576, 93 Pac. 662; Claussen v. State, 21 Wyo. 505, 133 Pac. 1055, 135 Pac. 802. That, as we have seen, is not true. Hence there is nothing before us for review. 17 C. J. 176; Dec. Dig. Sec. 1122 (4) under the subject of Criminal Law. That has been held, for instance, as to an instruction relating to manslaughter in a case charging murder (People v. Rhoades, 17 Cal. App. 789, 121 Pac. 935) and as to an instruction on simple assault in a case charging aggravated assault (Reeves v. State, 69 Tex. Crim. R. 58, 153 S. W. 127). It has also been so held in a case almost identical with the case at bar, the defendant being charged with maliciously cutting and wounding with intent to kill. Gillum v. Commonwealth, (Ky.) 121 S. W. 445. The court said:

"Another complaint was that the trial court did not instruct the jury as to the law of assault and battery, which is also a degree of the main offense charged. There is not a bill of evidence in the record. We cannot assume that the facts disclosed warranted any instructions save those given."

Finding no error in the record, the judgment must be affirmed, and it is so ordered.

*Affirmed.*

KIMBALL, Ch. J., and RINER, J., concur.