**STATE of Missouri, Respondent,**

v.

**Jefferson Davis SMITH, Appellant.**

No. 51336.

Supreme Court of Missouri,

Division No. 1.

Oct. 11, 1965.

Norman H. Anderson, Atty. Gen., Jefferson City, J. L. Anding, Sp. Asst. Atty. Gen., Pacific, for respondent.

Emanuel Williams, St. Louis, for appellant.

HOLMAN, Judge.

Defendant, Jefferson Davis Smith, was charged with and found guilty of the offenses of burglary in the second degree and stealing. The court found, as charged, that defendant had been convicted of five prior felonies and had been sentenced and imprisoned upon each of said convictions. The court fixed his punishment at imprisonment in the penitentiary for a term of six years for the burglary and five years for the stealing, the sentences to run concurrently. See §§ 560.070, 560.095, 560.110, 560.156, and 556.280 (all statutory references are to RSMo 1959, V.A.M.S.). Defendant has appealed. He has not filed a brief and we will therefore consider the contentions properly raised in his motion for new trial.

Defendant was charged with the burglary of the Cross Road Lounge which was located at 2815 Cole Street, St. Louis, Missouri. Mrs. Birdie Keesee testified that she owned

the Cross Road Lounge; that she was the last to leave the premises when the place was closed on September 13, 1964, and that upon leaving she locked and secured the premises; that about 11:30 p. m. on said date she was called by a police officer and immediately went to the Lounge; that she observed that the window on the east side had been broken and the lock on the front door was "jammed" and a crowbar was lying in front of the premises; that there was blood on the window and on the sidewalk under the window; that she went inside and checked her stock and found that 83 half pints of whiskey, having a value of "about a hundred and twenty-five dollars," were missing.

Patrolman Ora Jennings of the Canine Division of the St. Louis Police Department testified that he was patrolling the area on the date in question and at about 11:10 p. m. discovered a broken window at the Cross Road Tavern; that he and his dog entered the building through the broken window but found no one inside; that he observed blood on the sidewalk and blood stains on various articles in the building, and that he immediately notified the district office as to his discovery.

Defendant was arrested on September 16, apparently after the police had received a "tip" indicating that he may have been involved in the aforementioned burglary. After his arrest he was taken to the district police station and questioned. Three officers were present during the questioning as was William Keesee, husband of the owner of the Lounge. Each of these witnesses testified at the trial. The substance of their testimony was that defendant stated that he went to the tavern with two other men whom he refused to identify; that the two others broke into the tavern and he acted as "lookout"; that he obtained a box and the men inside handed the whiskey out of the window to him and he put it in the box; that in receiving the whiskey he cut his hand on the glass in the window; that he later traded the whiskey to a man by the name of Wolfdyk for a quantity of heroin.

All of these witnesses stated that defendant had a fresh cut on his right thumb and one of them pointed out the scar on defendant's thumb at the trial.

■ The first assignment is that the evidence was insufficient to constitute a submissible case of either burglary or stealing. A reading of our factual statement will indicate that the contention is without merit. There was evidence to the effect that the building was broken into and entered and 83 half pints of whiskey stolen therefrom. While defendant did not enter the building, he was present and aided his confederates by acting as a lookout and in receiving the stolen whiskey as it was handed through the window. The evidence discloses that all of the elements of the offenses of burglary and stealing were present, and defendant was just as guilty of those offenses as were his associates who entered the building.

■ The second assignment in the motion is that the court erred in failing to give an instruction "on stealing, separate and apart from the burglary." That contention is apparently the result of an oversight. Instruction No. 4, given by the court, submitted the offense of stealing whiskey of the value of more than fifty dollars in the event the jury found defendant not guilty of burglary. That was precisely the type of instruction defendant says should have been given. The point is disallowed.

■ The final assignment is that the court erred in failing to give an instruction on stealing property of a value of less than fifty dollars. The only evidence relating to this point is that 83 half-pint bottles of whiskey were taken and the owner testified that the whiskey had a value of "about a hundred and twenty-five dollars." Defendant says that said evidence was self-serving, "speculative, and was not definite and certain as to value." While Mrs. Keesee did say the value was "about" one hundred and twenty-five dollars, the testimony constituted substantial evidence which would support a finding that the whiskey was of the

value of one hundred and twenty-five dollars. Since there was no evidence which would tend to show that the whiskey was worth less than $50, there was nothing in the case upon which the court could have predicated the instruction defendant says should have been given. State v. Knicker, Mo.Sup., 366 S.W.2d 400 [2]. We rule this contention adversely to defendant.

An examination of the record as required by S.Ct. Rule 28.02, V.A.M.R., discloses no error.

The judgment is affirmed.

All concur.