STATE of Missouri, Respondent,

v.

Arthur ECHOLS, Defendant-Appellant.

No. 54243.

Supreme Court of Missouri, Division No. 2.

June 14, 1971.

**894**

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Shaw & Howlett, by Joseph Howlett, Clayton, for appellant.

DONNELLY, Presiding Judge.

Appellant, Arthur Echols, was convicted of the offense of stealing property of the value of at least fifty dollars (V.A.M.S. § 560.161) by a jury in the Circuit Court of St. Louis County, Missouri, and his punishment under the provisions of the Habitual Criminal Act, V.A.M.S. § 556.280, was assessed at imprisonment for four years. Following rendition of judgment and imposition of sentence, an appeal was perfected to this Court.

Appellant first asserts "there was no probative evidence from which the jury

could find that Defendant committed the crime alleged."

According to the evidence, on December 7, 1967, in the City of Maplewood, St. Louis County, Missouri, three males broke in the window of Atlas Jewelers, Inc., and stole rings of a total value of over $50. We need not detail all of the evidence of the occurrence. The following testimony of Kenneth Minor is sufficient for disposition of this issue on this appeal:

"Q   Would you state your name, please. A   Kenneth Minor.

"Q   Your age?  A   Fifteen.

"Q   Now on December—what city do you live in, what town?

"A   Maplewood.

"Q   On December 7th of 1967, at about 7 or a little after 7 o'clock in the evening, do you recall being in the City of Maplewood?

"A   Yes, I do.

"Q   Where were you in Maplewood?

"A   On the northeast corner of Manchester and Sutton.

"Q   Okay.  What were you doing there?

"A   Just standing waiting for some friends.

"Q   Now while you were standing there did anything unusual attract your attention?  A   Yes, the sound of a crashing glass.

"Q   And what did you do when you heard the sound?

"A   Well, I looked towards it and seen this incident take place.

"Q   All right.  Which direction from the northeast corner of Sutton and Manchester, which direction did you look?  A   East.

"Q   East on Manchester?  A   Yes, sir.

"Q   Okay.  What did you see happen?

"A   Well, I seen three negro males and the one crashed the window with a sledge hammer and ran towards me.  The other two followed up and took loot out of the window and followed him.

\*   \*   \*   \*   \*   \*

"Q   Okay.  Now you indicated the man with the sledge hammer ran towards you first, right?  A   Yes, sir.

"Q   Have you ever seen that man since then, to your knowledge?

"A   No, sir.

"Q   Okay.  Then, how about the other two?  Did they come together or separately?

"A   They were pretty close together, running as hard as they could.

"Q   Okay.  And how close to you did they come at the nearest point?

"A   Just my reaching distance.  I could have reached out and touched them.

"Q   You could have reached out and touched them?  A   Yes, sir.

"Q   So, in other words, when you saw them running towards you they were running west on Manchester, is that correct? A   Yes, sir.

"Q   And then what did they do beside run west on Manchester?

"A   They turned at the corner and ran north on Sutton.

"Q   Both of them?  A   Yes, sir.

"Q   Now did anything unusual occur about that time?

"A   Well, one of the second two slipped and fell at the corner.

"Q   Now have you ever seen that person who slipped and fell at the corner against?  A   Yes, sir.

"Q   Do you see him in the courtroom today?  A   Yes, sir.

"Q   Would you point to him?  A   He is the man on your right.

"Q   You mean this man right here? A   Yes, sir.

\*   \*   \*   \*   \*   \*

"Q   (by Mr. Robyn):  Now as he fell, as Echols fell there on the sidewalk, how close to you was he when he was lying there just before he got up?  A   About three feet."

■   Appellant relies upon a discrepancy between the description of appellant that witness Minor gave the police and appellant's actual height and weight.  The point is without merit.  State v. Hill, Mo.Sup., 438 S.W.2d 244.  The evidence is sufficient to sustain the conviction.

■   Appellant's next contention is that the trial court "committed prejudicial error when the Court failed to give an instruction to the jury on the misdemeanor of stealing under the value of $50.00, this for the reason that the jury could have found from the evidence that the value of the item or items taken by the Defendant, if any, was less than $50.00."  According to the evidence, appellant, with two other males, stole property of a total value of at least fifty dollars.  V.A.M.S. § 556.170;  State v. Cline, Mo.Sup., 452 S.W.2d 190.  There is no evidence in the record to show the stolen property was less than fifty dollars in value.  The trial court did not err.  State v. Knicker, Mo.Sup., 366 S.W.2d 400;  State v. Smith, Mo.Sup., 394 S.W.2d 373.

Appellant's final contention is that the trial court "committed prejudicial error by its finding that Defendant had a prior conviction under the Habitual Criminal Act and thereby refused to let the jury fix the penalty for the reason that the State failed to introduce evidence that the Defendant was the same Arthur Echols referred to in the files in the Circuit Court of the County of St. Louis and for the further reason, as objècted to by Defendant, the evidence of said prior conviction was not sufficient to support a finding by

the Court that the Habitual Criminal Act was applicable."

The State introduced its evidence as to the Habitual Criminal Act, and the following then transpired:

"MR. ROBYN: Judge, I submit that the State of Missouri has proved that on June 21, 1963 Arthur Echols was convicted in the Circuit Court of St. Louis County, this court, of a felony: stealing property over the value of $50.00. In compliance with the conviction he was duly sentenced by this Court to serve one year in the St. Louis County Jail and in compliance with the conviction and the sentence was received at and imprisoned in the St. Louis County Jail.

"MR. HOWLETT: That is what you seek to prove?

"MR. ROBYN: I submit, your Honor, that I have proved that.

"MR. HOWLETT: Whatever good that is, I suppose he has, your Honor.

"THE COURT: All right; in accordance with Section—that's all you have to say.

"MR. HOWLETT: Except that this—I object to the jury being instructed under the Habitual Criminal Act and I object to the Judge reserving the right to the Court to sentence the defendant in the event there is a conviction for failure to prove a prior conviction as required by statute.

"THE COURT: All right. That is overruled. And in accordance with Section 556.280 the Court finds that on or about the 21st of June 1963 in Cause No. 251941 the defendant Arthur Echols was found guilty and sentenced and received by the St. Louis County Jail under the sentence imposed on him in Cause No. 251941, conviction of a felony: stealing over $50.00, and that later he was released on parole from said sentence and judgment from the St. Louis County Jail, and that in accordance with the Habitual Criminal statute the Court finds that same is a prior conviction for a felony

and therefore and only if the jury does find the defendant Arthur Echols guilty of the offense for which he is now on trial, Cause 289038, the Court will if the jury so finds him guilty in said cause assess the punishment. Objection is overruled."

■ Appellant asserts the evidence is insufficient because: (1) the State failed to prove that "the Defendant was the same Arthur Echols" previously convicted; and (2) the prior conviction did not result in imprisonment in the penitentiary.

■ Appellant's assertions are without merit: (1) "Identity of names is prima facie evidence sufficient to establish the accused's identification for the purpose of showing a prior conviction under the Second Offender Act." (State v. Cook, Mo. Sup., 463 S.W.2d 863, 868); and (2) appellant, although imprisoned in the county jail, was convicted of an offense *punishable* by imprisonment in the penitentiary. (State v. Brinkley, 354 Mo. 337, 189 S.W.2d 314, 334–335.)

We have concluded that the points raised by appellant are without merit. However, the record entry which appears in the transcript on appeal is patently erroneous. It ordered and adjudged "that said defendant, Arthur Echols be and he is hereby committed to the custody of the Missouri Department of Corrections at Jefferson City, Missouri for a term of Four (4) Years for the offense, Burglary Second Degree and a concurrent term of Four (4) Years for the offense, Stealing; and that he also pay the costs of his prosecution and that he stand so committed until this sentence is complied with or he be otherwise discharged according to law."

Appellant was not charged with burglary and was not convicted of burglary. The judgment and sentence of four years' imprisonment for stealing is affirmed. The judgment and sentence of four years' imprisonment for burglary is reversed.

All of the Judges concur.