David Wright BAKER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-16091.

Court of Criminal Appeals of Oklahoma.

June 30, 1971.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Judge:

Plaintiff in error, David Wright Baker, hereinafter referred to as defendant, was convicted of Grand Larceny in the District Court of Oklahoma County, Case No. CRF–70–55, by jury verdict, with punishment fixed at Three Years imprisonment. Judgment and sentence was imposed accordingly on May 4, 1970, and this appeal perfected therefrom.

Specifically, defendant was charged with having taken without permission a billfold containing $26.00, from the purse of Clara Jean Walker on January 10, 1970.

Clara Jean Walker testified that on January 10, 1970, she was at the police station in Oklahoma City, and, having posted an appearance bond, was telephoning for transportation. Her purse was open, and, momentarily, she turned her back on it. As she turned back around, she noticed her wallet was missing from her purse. Defendant had been standing near her, but was gone when she discovered her billfold to be missing. She had at least $25.00 in her billfold, and a pink sales slip she had gotten when purchasing some hosiery. She identified State's Exhibit Three as the pink sales slip.

Mack Cooper testified that he was in charge of the maintenance crew cleaning up the station that night, and saw defendant there, who inquired if it was all right to go in the rest room. Defendant then went in the rest room and came back out, whereupon Miss Walker asked defendant to return her purse, and defendant denied having it. Detective Sgt. Pierce was called, and went into the rest room. The crew had just finished mopping the rest room, and defendant had been there alone.

Detective Sgt. Pierce, Oklahoma City Police Department, testified that he was called to investigate the matter that night, and saw Miss Walker in the station lobby. She complained that defendant had taken her billfold. Sgt. Pierce detained defendant, and went into the rest room, where he found an empty billfold in the trash receptacle. He searched the defendant and found $26.61, and a pink piece of paper, State's Exhibit Number Three, in defendant's pockets. Miss Walker identified to Sgt. Pierce the slip as the one she had gotten when she purchased the hosiery she had in her billfold.

For the defendant, Alfred Baker testified that he was defendant's brother, and operated a health club. He had left the place in charge of his brother the afternoon of January 9, and had given his brother some petty cash on which to operate. His brother and he went to the police station that night to make bail for a third brother, and he saw Miss Walker there, who accused defendant of having taken her billfold. Just before, he had seen her drop a slip of paper while using the phone, and defendant picked it up and went over to return it to her. Defendant denied to her that he had taken the billfold. Alfred admitted having seen defendant go into the rest room.

Defendant contends it was error for the trial court not to instruct on petit larceny, arguing that the evidence indicates that the amount taken may have been less than $20.00. If the amount taken in larceny is less than $20.00, the crime is petit larceny and not grand larceny. 21 O.S.1961, § 1704.

Defendant cites the testimony of the victim, Miss Walker, who did not know exactly how much money was in her purse, "maybe three or four or five Fives * * * and some Ones, dollar bills, and some change." However, Miss Walker positively stated that although she did not know exactly how much was in the purse, "I knew I had $25.00." This evidence is uncontroverted. There is no evidence proving less than $20.00.

Where a defendant is charged with Grand Larceny, and there is no evidence introduced upon the trial which tends to

reduce the offense to Petit Larceny, it is improper for the court to instruct the jury on Petit Larceny. Inklebarger v. State, 8 Okl.Cr. 316, 127 P. 707 (1912). See also, Faggard v. State, 3 Okl.Cr. 159, 104 P. 930 (1909).

Accordingly, since the evidence indicated Grand and not Petit Larceny, the trial court properly instructed only on Grand Larceny.

Finding no reason to the contrary, the judgment and sentence is hereby affirmed.

BUSSEY, P. J., and BRETT, J., concur.