489 P.2d 23

**STATE of Arizona, Appellee,**

v.

**David E. PIERSON, Appellant.**

No. 2208.

*Supreme Court of Arizona,*
*In Division.*

Oct. 1, 1971.

Rehearing Denied Nov. 4, 1971.

Gary K. Nelson, Atty. Gen. by Carl Waag, Former Asst. Atty. Gen. and Albert M. Coury, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, Maricopa County by Anne Kappes, Deputy Public Defender and William Carter, Former Deputy Public Defender, Phoenix, for appellant.

HAYS, Vice Chief Justice.

David E. Pierson, defendant-appellant, was tried and convicted by a jury on April 14, 1966, of attempted robbery and sentenced to prison. An appeal from that conviction was taken to this court in 1967 and we found the defendant's contention of reversible error, i. e., comment of prosecutor on failure of defendant to take the stand, to be without merit and affirmed the judgment. State v. Pierson, 102 Ariz. 90, 425 P.2d 115 (1967).

On April 8, 1970, defendant filed in the Maricopa County Superior Court a motion to vacate the previously affirmed judgment with the following two contentions of fundamental error: (1) that the trial court erroneously instructed the jury on defendant's failure to take the stand and (2) that the robbery victim's in-court identification of defendant was tainted by an improperly suggestive prior lineup identification. The Superior Court denied the motion to vacate and this appeal followed.

Prior to a review of the contentions urged by defendant in the Superior Court in his motion to vacate, we are compelled to consider the basic question of whether A.R.S. § 13-1713 permits a second appeal of this nature.

A.R.S. § 13-1713 provides for an appeal by a defendant as follows:

"An appeal may be taken by the defendant only from:

1. A final judgment of conviction.

2. An order denying a motion for a new trial or denying a motion for an arrest of judgment, or from an order made

after judgment affecting the substantial rights of the party.

3. A sentence on the grounds that it is illegal or excessive."

Through the passage of A.R.S. § 13–1713, the legislature provided a means whereby an aggrieved criminal defendant could secure appellate review from a final judgment of conviction or from certain post-judgment orders. This path of review, however, was not designed to permit a defendant to bring a second appeal from the same judgment on grounds that were either raised or could have been raised in the initial appeal. See State v. Pill, 5 Ariz.App. 277, 425 P.2d 588 (1967).

In the instant case, the defendant has presented questions for our consideration in this second appeal which clearly could have been raised in his initial appeal in 1967. We, therefore, find that this second appeal of defendant is not authorized by A.R.S. § 13–1713 and must be dismissed.

The order of the Superior Court denying defendant's motion to vacate the judgment is affirmed.

STRUCKMEYER, C. J., and CAMERON, J., concur.