George Earl OLDHAM, Appellant
(Defendant below),

v.

The STATE of Wyoming, Appellee
(Plaintiff below).

No. 4436.

Supreme Court of Wyoming.

April 23, 1975.

Rehearing Denied June 4, 1975.

Edward P. Moriarity and Terry W. Mackey of Urbigkit, Moriarity, Halle & Mackey, Cheyenne, for appellant.

David B. Kennedy, Atty. Gen., and David A. Kern, Asst. Atty. Gen., Cheyenne, for appellee.

Before GUTHRIE, C. J., and McCLINTOCK and THOMAS, JJ.

GUTHRIE, Chief Justice.

Appellant here, defendant below, was convicted of grand larceny, involving the theft of eleven battery cells on July 11, 1971, near Borie, Wyoming, in violation of § 6–132, W.S.1957, and was sentenced to a term of not less than two nor more than four years. It is from that judgment and sentence that he prosecutes this appeal.

Appellant raises three points as the basis for a reversal, asserting that the trial court erred in not giving certain instructions which were tendered, that the evidence was insufficient to sustain the conviction, and that the argument of the State was improper and prejudicial.

## INSTRUCTIONS

Appellant contends that the trial court erred in refusing his instruction on petit larceny as a lesser and included offense and makes sole reliance upon Keeble v. United States, 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844. This case is clearly inapplicable upon its factual posture. In Keeble the question presented was whether the

trial court should have instructed upon a lesser included offense. The government did not contend that under the facts in the record such an instruction on the lesser included offense would not have been proper and conceded that it would have been if the defendant had not been an Indian, and that under the Federal statutory scheme the jurisdiction as to the lesser included offense was not in the trial court but reserved to the tribe. The rule set out in Keeble recognized the necessity of evidence which would allow a jury to rationally find such offense to entitle a defendant to such instruction which proposition the appellant herein apparently does not deny. He bases his argument upon the testimony of the witness Bedlan, who when speaking in context of salvage value said that if anyone were to try to sell the batteries they would be worth hardly anything. Bedlan had testified without qualification that the batteries were worth around $40 per cell, being $440 for the eleven cells, although the price therefor has now increased approximately $10 per cell.

■ The test of value as an element of the crime of larceny is the value of the goods at the time and place where they are taken. Husten v. United States, 8 Cir., 95 F.2d 168, 171; Eaton v. Commonwealth, 235 Ky. 466, 31 S.W.2d 718; State v. Hayes, 187 Neb. 325, 190 N.W.2d 621, 622; Sadler v. State, 84 Okl.Cr. 97, 179 P.2d 479, 481. The only testimony we find as directed to this lesser value is the testimony of Bedlan as to the salvage value of the cells developed on cross-examination and the writer finds of interest and of some applicability a quote from Eaton, supra, that the offense would not be reduced by smashing a machine so as to reduce its value to that of old iron. See further 52A C.J.S. Larceny § 118, p. 619, which suggests such evidence is inadmissible. The rule in this state is clear that the trial court should only give such instructions as arise from the evidence and that when the evidence shows that the defendant is either

guilty or not guilty of the higher grade of the offense, the court is not required to instruct on the lesser offense, Ross v. State, 16 Wyo. 285, 93 P. 299, 303, rehearing denied 94 P. 217; State v. Gonzales, 46 Wyo. 52, 23 P.2d 354. We are familiar with no case in this jurisdiction which has applied this rule to larceny cases, but there is no reason why the same general principle should not be applied. It is applied to larceny cases in other jurisdictions where it has been held either improper or error to instruct on petit larceny when there is only evidence which would sustain a conviction for grand larceny, Baker v. State, Okl.Cr. App., 487 P.2d 966, 967–968; State v. Smith, Mo., 394 S.W.2d 373, 374–375; State v. Lombardo, 104 Ariz. 598, 457 P.2d 275, 278; State v. Gray, 152 Mont. 145, 447 P.2d 475, 479.

■ Appellant asserts as error the trial court's failure to give Instruction O, which was as follows:

"You are instructed that the testimony of a witness who has been granted immunity, or any witness whose self-interest or attitude is shown to be such as might tend to prompt testimony unfavorable to the accused, should always be considered with caution and weighed with great care."

Appellant alleges that because Ulmer had testified that he had committed a crime in Wyoming for which he was granted immunity and also immunity for certain acts in Colorado, as was Johnson, it was error not to so instruct the jury. This instruction mentions neither Johnson nor Ulmer, and does not assert they were accomplices, nor do we understand his contention to be they were accomplices, although the sole authority relied upon is a statement from Miller v. State, Wyo., 508 P.2d 1207, 1208, which enunciates the rule of scrutiny as it is applicable to the testimony of an accomplice. In that case the sole question raised was the propriety of an instruction affecting an accomplice's testimony which had been given. We do not consider it applicable to

this case.[1] While this court has not directly decided this question, we did hold in a rape case, Strand v. State, 36 Wyo. 78, 252 P. 1030, 1033, that usually questions of the credibility of witnesses should be left to the jury, with the customary instruction on the subject, and that it was not necessary in that case to instruct upon the proposition that the jury should examine the uncorroborated testimony of a prosecutrix with great caution, although it was suggested that the same might be discretionary with the court. This view was approved in the case of State v. Boner, 42 Wyo. 36, 288 P. 13, 15. As in the Boner case, the jury in the instant case was instructed that they were the sole judges of the credibility of the witnesses and the weight to be given to their testimony. They were further instructed they should take into consideration "their means of knowledge of the facts testified to, the interest, if any, which any witness may have in the outcome of this trial, the prejudice or motives, or feelings of revenge, if any, which have been shown by the evidence," which contains the elements of the instruction mentioned in Boner. An instruction of the type tendered by defendant has been held to be improper, as being an invasion of the province of the jury, People v. Litle, 85 Cal.App. 402, 259 P. 458, 460; People v. Ramirez, 95 Cal. App. 140, 272 P. 608, 609; State v. Oliphant, 128 Mo.App. 252, 107 S.W. 32, 35–36; Pruitt v. State, 22 Ala.App. 353, 115 So. 698, 700; State v. Roberts, 95 Kan. 280, 147 P. 828, 835; 23A C.J.S. Criminal Law § 1175, p. 455. It is our view that if we are to properly honor the recognized principle that the jury is the sole judge of the credibility of the witnesses and the weight of their testimony, it was not error to refuse to give such instruction, particularly when both of the witnesses to whom this might be applicable were exposed to thorough cross-examination and the fact of their immunity and interest in the case was clearly before the jury.

SUFFICIENCY OF THE EVIDENCE

Although appellant raises this directly in his brief, there is no separate argument directly applicable thereto, nor are authorities cited in connection with this proposition. However, we will shortly examine this contention because it is interspersed and intertwined in the arguments upon the two other points raised. His brief here seeks to incorporate his arguments made and authorities cited to the trial court by way of brief.[2] On examination of the oral argument and this brief, it is revealed that his principal point in this connection is that there is no direct proof this defendant was in Wyoming at the time of the theft. The remainder of the argument thereon is directed at the credibility of the testimony of the witnesses Ulmer and Johnson, which is always a matter to be determined by the jury. We have heretofore discussed the effect of the discovery of a defendant in recent possession of stolen property, Orcutt v. State, Wyo., 366 P.2d 690, 692; State v. Costin, 46 Wyo. 463, 28 P.2d 782, 783–784. In Orcutt, 366 P.2d at 692–693, we recognized the rule that since possession of stolen property is a "strong circumstance tending to show guilt, only slight corroborative evidence of other inculpatory circumstances is required." Here the case of the State is buttressed in addition to this possession by the statements of two other witnesses. There is the testimony of Ulmer that sometime in the spring of 1971, while they were going to Idaho, he and defendant went to the building where the batteries were installed; and after breaking into the building, during a conversation defendant said, "This is [sic] my new shop batteries. I will come back one of these

---

1. Peripherally it is to be noted that we decided, in the case of Jaramillo v. State, Wyo., 517 P.2d 490, 491, that even though a witness had been granted immunity he was not an accomplice, although the grant applied to the same transaction.

2. Although we do consider this argument in this opinion, it was not proper briefing practice as our rules require the filing of six copies of the brief; only one copy thereof appears in the record on appeal.

days and get them," and that he, Ulmer, took away a padlock which they had cut to secure entrance into the building. This padlock, or an identical one, was found at the time the shop of the defendant was searched and these batteries were recovered. He later testified that sometime later, in July or August, he had seen the batteries in defendant's garage and they were not hooked up, and that defendant had said to him, "Well, here are the batteries that I told you I was going to get." Johnson testified that while he was employed by defendant, when he became curious where the batteries had come from, defendant said, "some place near Cheyenne," and that thereafter in the spring of 1972, when he was in the area west of Cheyenne with defendant, they had driven by a metal building along the railroad tracks and that defendant had said to Johnson, "I got the batteries in the metal shed." Considering this testimony, there is no need for further discussion of the sufficiency of this evidence to sustain a verdict. Defendant further raises a question of the proof of the value of these batteries, which has been before discussed.

Although there is little authority thereon, the writer can see no logical basis for any distinction as to the effect of such possession by the mere interposition of a State line. There is authority for the proposition that even though the possession be in a different state or county than the theft, this does not destroy the effect of such evidence, Commonwealth v. Chester, 77 Pa. Super. 388, 396 (1921); Graves v. State, 12 Wis. 591, 592 (1860); 52A C.J.S. Larceny § 109, p. 608.

## ARGUMENT OF THE STATE

█ Defendant urges that this court must reverse this case because of the improper argument of the State in the close of the case. Appellant calls our attention to the following statement made by an attorney for the State as follows:

"The prosecutors in this case are firmly and sincerely dedicated to the proposition that the defendant is guilty of the crime charged herein."

Objection was made thereto at the time this was said, and the trial judge immediately cautioned that counsel should not state his personal beliefs and argument. The argument then proceeded. At the close of the arguments counsel for defendant moved the court to caution the jurors "not to regard that statement or give it any credence as it is improper." The court granted this relief when it stated to the jury before the instructions were read "that the statement of Mr. Bayless, as to the personal belief of the prosecutors in the guilt of the defendant, is not proper argument. You are instructed to disregard it and it will have no part in the deliberation." Thus defendant's motion was granted and he received the relief sought. He did not at the time ask for a mistrial. This was improper but we see no grounds for complaint under the circumstances. We must infer from the record made at that time that this admonition satisfied counsel as he raised no further objection until the close of the argument nor asked for other relief. He could not thus be heard to complain thereof, Dickey v. State, Wyo., 444 P.2d 373, 376. Additionally, the judge gave a usual stock instruction, which summarily stated that statements of counsel are not evidence and the jurors were to disregard any argument not based upon the evidence.

█ The principal thrust of appellant's argument as to the impropriety of the prosecutor's conduct is that the prosecutor made argument which constituted comments upon defendant's failure to testify. This criticism is directed at three places in the State's closing argument. In his argument, counsel for the State referred to the fact that the testimony of Ulmer and Johnson established that Oldham was going to steal the batteries and that this was not contradicted, and that the batteries were in his garage shortly after the theft, which was also the testimony of Ulmer and Johnson. The last incident of which complaint

is made was a comment that "the sheer weight of the evidence is just too much for Mr. Oldham to explain." Appellant now argues that because only defendant could have contradicted this testimony, it resulted in a comment upon his failure to testify. There is admittedly no direct reference to this failure to testify, but appellant relies upon his own inferences. The trial court, however, interpreted these remarks as legitimate argument. The record does not contain defendant's final argument, so we are unable to determine if these statements might not have been made in answer to some contentions asserted.[3] It is to be noted that defendant made no objection to statements of the prosecutor at the time of the argument, but relied upon an objection made and a motion for mistrial after the close thereof. This court has long adhered to the rule that timely objection must be made, Horn v. State, 12 Wyo. 80, 73 P. 705, 727; Cavaness v. State, Wyo., 358 P. 2d 355, 359; State v. Spears, 76 Wyo. 82, 300 P.2d 551, 562; and it is our view that objections should be made at the time of such statements so that the trial court might correct the same by admonition.

A somewhat similar contention has been considered by this court before in the case of Deeter v. State, Wyo., 500 P.2d 68, 71. In that case the defendant did not testify and there was testimony that certain controlled substances had been found in the glove compartment, and the prosecutor argued as follows:

"There is not one single thing in this case that you have to weigh in your mind as to 'is he telling the truth,' or 'isn't he telling the truth'; or 'which one is right,' and 'which one is wrong?' "

We held this not to be a comment upon the failure to testify. Defendant suggests Gabrielson v. State, Wyo., 510 P.2d 534, in some manner modified the Deeter holding. The factual situation of Gabrielson is in no manner applicable hereto because in that case there was a pattern of direct reference to defendant's failure to give a statement to officials both in the case at trial and in another completely inadmissible incident.

An examination of some of the authorities upon which defendant places reliance demonstrates that these questions must be decided on the factual background of each case and that general statements are a weak reed upon which to rely. Knowles v. United States, 10 Cir., 224 F.2d 168, 170, upon which appellant places great reliance, sets out the proper rule in our view, and we adopt the language therein as follows:

"It is concededly improper and reversible error to comment on the failure of a defendant to testify in his own behalf, and the test is whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify. [Citation.] It is not improper for the government to draw attention to the failure of lack of evidence on a point if it is not intended to call attention to the failure of the defendant to testify. * * *"

This language was approved in United States v. Altavilla, 9 Cir., 419 F.2d 815, 817, another of defendant's authorities. An examination of that case, 419 F.2d at 816, shows that the improper comment, which was cured by admonition, made a direct reference to defendant's failure to testify as follows:

"There has been no testimony at all by the defendant in this case, or by anybody, as to his knowledge * * *."

That was demonstrably different from this case, which depends upon an inference rather than a direct comment. The factual situation in Knowles, supra, involves argument by counsel that no explanation was

3. See Dicky v. State, supra, 444 P.2d at 377, which discusses the so-called doctrine of retaliation and states that alleged improper comments may be excused because they were invited, without creation of prejudicial error.

given by defendant to an I.R.S. agent, nor was any explanation made to the jury, which is in our view nearer to such comment than that in the instant case; and the appellate court in that case, after setting out the rule above, held it was not directed at the failure to testify. Another of the authorities upon which reliance is made, State v. Pierson, 102 Ariz. 90, 425 P.2d 115, 116, affirmed 107 Ariz. 386, 489 P.2d 23, in full recognition of the rule which we cite herein, held the following remarks harmless:

"Now, the defendant hasn't said, I didn't do it,"

and:

"The only man in the world besides the defendant that can testify as to whether he was there or not and whether he put the knife to Mr. Sego's throat is Mr. Sego [the victim]."

These authorities upon which appellant relies clearly demonstrate that far more serious direct comment has not been held violative of the right, and we are unconvinced this argument was "manifestly intended" as, or that it was such statement that the jury would naturally and necessarily take it to be, comment on the defendant's failure to take the stand. It, in our view, merely served to call attention to a lack of evidence on the point, and we will not indulge a presumption that this was done deliberately or had the unmistakable effect of calling attention to defendant's failure to testify. Particularly is this true in view of the fact that defendant's argument was unreported and that the trial judge must necessarily have discretion in this area, which should not be disturbed unless the abuse is clear or patent in both such instances.

However, such instances clearly demonstrate the need for extreme care and the duty resting with a prosecutor to carefully limit his arguments and avoid needless appellate controversy.

The judgment is affirmed.