**Kim CYRUS, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 5567.**

Supreme Court of Wyoming.

Feb. 1, 1982.

Phillip T. Willoughby, Deputy Public Defender, Casper, for appellant.

1. Section 6–4–314, W.S.1977, reads:
   "Whoever perpetrates an assault or assault and battery upon anyone with intent to commit a sexual assault in the first or second

Steven F. Freudenthal, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div., and Allen C. Johnson, Senior Asst. Atty. Gen., Cheyenne, for appellee.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

ROONEY, Justice.

Appellant-defendant was tried before a jury and convicted of attempted first degree sexual assault in violation of § 6–4–314, W.S.1977.[1] He was sentenced to a prison term of not less than three (3) years nor more than five (5) years with credit for time spent in the county jail. On appeal from the judgment and sentence appellant raises the following issues:

A. Did the prosecuting attorney's reference to appellant's availability to testify violate appellant's right not to be compelled to be a witness against himself?

B. Was the sentence imposed by the trial court cruel and unusual?

We affirm.

## PROSECUTOR'S COMMENT

Shortly after 10:00 a. m. on the second day of appellant's trial the prosecution rested. A recess was taken, and various motions were heard in chambers. The trial reconvened at 11:00 a. m., and testimony was received from appellant's first two witnesses. At that point, appellant's counsel requested that the court take a recess until the afternoon stating that appellant's other witnesses would not be present until 1:00 p. m.

The prosecutor then made the following comment in the presence of the jury:

"Judge, we have tried to expedite this trial as much as we possibly could. The defense knew our case, I told them, defense knew our case wouldn't take more than a day to present, and they should be

degree, shall, upon conviction, be imprisoned in the penitentiary not less than one (1) year nor more than five (5) years."

prepared. They have one witness right here in the courtroom." [2]

Appellant objected to the comment and requested the court to instruct the jury that the remark was improper. The court instructed the jury "to disregard the last comment of Counsel for the State." [3]

Appellant argues that the comment of the prosecutor was an impermissible comment on the appellant's constitutional right not to be compelled to be a witness against himself [4], and that it constitutes reversible error.

A comment on the failure of the accused to testify can constitute reversible error, *Oldham v. State*, Wyo., 534 P.2d 107, 112 (1975); *Deeter v. State*, Wyo., 500 P.2d 68, 71 (1972); *Griffin v. State of California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, reh. denied 381 U.S. 957, 85 S.Ct. 1797, 14 L.Ed.2d 730 (1965), unless the error is harmless beyond a reasonable doubt. *Chapman v. State of California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, 24 A.L.R.3d 1065, reh. denied 386 U.S. 987, 87 S.Ct. 1283, 18 L.Ed.2d 241 (1967).

The standard by which we determine whether or not a prosecutor has made an impermissible comment on the failure of the accused to testify is appropriately set forth in *Oldham*, supra, 534 P.2d at 112, quoting from *Knowles v. United States*, 224 F.2d 168, 170 (10th Cir. 1955):

"' * * * whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify. * * *'"

The prosecutor's comment was not "manifestly intended" as a comment on appellant's failure to testify. Unlike most cases in this area, the comment was made before the appellant had exercised his right not to testify. Contrary to the situation which usually engenders this issue, the prosecutor did not comment during closing argument on appellant's failure to testify. See *United States v. McCoy*, 539 F.2d 1050, 1057 (5th Cir. 1976), cert. denied 431 U.S. 919, 97 S.Ct. 2185, 53 L.Ed.2d 230 (1977). The comment was intended to be in response to a request for a recess. It was directed to the trial court. The expression was a result of the prosecutor's desire to continue with the trial at that time. It was not with the intention to comment on appellant's failure to testify. In fact, the prosecutor was led to believe that appellant would later testify.

The jury would not "naturally and necessarily" take the prosecutor's statement as a comment on appellant's failure to testify. When the statement was made, the jury did not know that the appellant would not testify. Appellant had not exercised his right not to testify at that point. In his opening statement, appellant's counsel stated that appellant would testify. Even in his closing statement, appellant's counsel said:

"* * * You expected Kim to testify. I told you that. I told you that in my opening statement, and I was wrong. Don't hold that against Kim. * * *"

The jury would not take the prosecutor's comment in this instance as one inferring evidentiary value from appellant's failure to testify. The jury would not "naturally and necessarily" take the comment to be such.

The prosecutor's comment that appellant had a witness in the courtroom was not intended, and was not taken by the jury, to be a comment on the appellant's failure to testify. But if the jury could

---

**2.** Although it is not clear from the record, appellant's attorney later stated that the prosecutor's statement was accompanied by a gesture or motion towards the appellant.

**3.** At the close of the evidence, appellant moved for a mistrial on the basis of the comment by counsel. The motion was denied.

**4.** Art. 1, § 11, Wyoming Constitution, provides in pertinent part that: "No person shall be compelled to testify against himself in any criminal case * * *."

Amendment V, United States Constitution, provides in pertinent part that: "No person * * shall * * * be compelled in any criminal case to be a witness against himself * * *."

take the comment as such, the trial judge's instructions were sufficient to prevent that impression and cure any possible error.[5] It made any possible error harmless beyond a reasonable doubt. *United States v. Whitehead*, 618 F.2d 523, 528 (4th Cir. 1980); *Samuels v. United States*, 398 F.2d 964, 968–969 (5th Cir. 1968), cert. denied 393 U.S. 1021, 89 S.Ct. 630, 21 L.Ed.2d 566 (1969); see 24 A.L.R.3d 1093, 1122–1123 (1969).

Although we do not find the prosecutor's statement to be reversible error, once again we note:

"* * * such instances clearly demonstrate the need for extreme care and the duty resting with a prosecutor to carefully limit his arguments and avoid needless appellate controversy." *Oldham v. State*, supra, 534 P.2d at 113.

### SENTENCE

At the sentencing hearing appellant called several witnesses to show that neither the Wyoming State Hospital nor the Wyoming State Penitentiary could provide the type of counseling contended to be that required by appellant. He proposed an alternate program of counseling and work release through the county jail. However, it was noted that a work release program was not available at the county jail.

Appellant contends that the sentence is cruel and unusual because the Wyoming State Penitentiary does not offer the type of counseling contended to be needed by appellant. But he cites no authority in support of the contention, and presents no cogent argument relative to the requirement for such counseling at a penitentiary. Accordingly, we will not further consider the contention. *Cherniwchan v. State*, Wyo., 594 P.2d 464, 470 (1979); *Otte v. State*, Wyo., 563 P.2d 1361, 1363 (1977); *Connor v. State*, Wyo., 537 P.2d 715, 719 (1975); *Weddle v. State*, Wyo., 621 P.2d 231, 236 (1980); *Scherling v. Kilgore*, Wyo., 599 P.2d 1352, 1359 (1979).

 We note that the sentence was within the statutory limits set by the legislature and will not be disturbed absent a clear showing of abuse of discretion. *Scheikofsky v. State*, Wyo., 636 P.2d 1107, 1112 (1981); *Jones v. State*, Wyo., 602 P.2d 378, 380 (1979); *Hanson v. State*, Wyo., 590 P.2d 832, 835 (1979); *Smith v. State*, Wyo., 564 P.2d 1194, 1202 (1977). Such abuse is not here shown.

Affirmed.

---

**5.** In addition to instructing the jury to disregard the prosecutor's statement, the trial court instructed the jury that appellant had the right not to testify and that the jury was not to consider or hold the fact that he did not testify against him.