NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

THOMAS KEITH BUSTOS, *Appellant.*

No. 1 CA-CR 21-0384
FILED 8-9-2022

Appeal from the Superior Court in Yavapai County
No. V1300CR201280071
The Honorable Tina R. Ainley, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Tucson
By Diane L. Hunt
*Counsel for Appellee*

Law Office of Shannon Peters, Phoenix
By Shannon Peters
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the court, in which Presiding Judge David D. Weinzweig and Judge D. Steven Williams joined.

---

**H O W E**, Judge:

¶1     Thomas Bustos appeals from a contested probation-violation hearing and disposition reinstating a five-year term of probation. For the following reason, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2     In 2013, a jury convicted Bustos of kidnapping, burglary, stalking, three counts of aggravated assault, and robbery. The trial court sentenced him to concurrent terms of imprisonment for the kidnapping, robbery, and aggravated assault counts, the longest of which was five years, to be followed by a ten-year probation term for the burglary and stalking counts. *State v. Bustos*, No. 1 CA-CR 13-0199, 2014 WL 457672, at *2 ¶ 14 (Ariz. App. Feb. 4, 2014). Bustos appealed, arguing only that the trial court erred in submitting to the jury a lesser-included offense instruction for burglary. *Id*. at *3 ¶ 14. This court affirmed Bustos's convictions and sentences. *Id*. at *5 ¶ 25.

¶3     Bustos finished his prison terms in 2016 and began his probation term. In July 2021, the trial court found that Bustos had violated his probation. At the disposition hearing, Bustos argued that all his convictions stemmed from a single act and therefore the ten-year probation term imposed consecutive to the prison sentence was illegal under A.R.S. § 13–116—which required concurrent sentences for multiple punishments of a single act—and requested that probation be terminated. The trial court rejected Bustos's argument, revoked his probation for the burglary conviction and imposed a 430-day prison term with 415-days' time served, and reinstated a five-years term of intensive probation for the stalking conviction. Bustos timely appealed.

## DISCUSSION

¶4     Bustos argues that the trial court erred in attaching a ten-year probationary term for his stalking conviction to his five-year prison term

for the other counts.[1] He claims that the stalking conviction was within the same constellation of facts thereby constituting a single act from which a consecutive sentence is barred under A.R.S § 13–116. Before review of Bustos's claim, however, this court must consider whether A.R.S. § 13–4033 permits an appeal of these claims.

¶5  Under A.R.S. § 13–4033, a defendant may appeal (1) a final judgment of conviction or verdict; (2) an order denying a motion for a new trial; (3) an order made after judgment affecting the substantial rights of the party; or (4) a sentence because it is illegal or excessive. Section 13–4033, however, does not permit a defendant to bring issues in a subsequent appeal "that were either raised or could have been raised" in a previous appeal. *State v. Pierson*, 107 Ariz. 386, 387 (1971) (interpreting A.R.S. § 13–4033's predecessor statute). Such appeals must be dismissed as unauthorized under the statute. *Id*.

¶6  Bustos makes one argument in this appeal: The trial court erred in imposing the ten-year probation term for his stalking conviction in 2013. Bustos could have raised this issue in his first appeal; therefore, Bustos has procedurally defaulted and waived review of the issue. *See Pierson*, 107 Ariz. at 387; *State v. Shrum*, 220 Ariz. 115, 118 ¶ 12 (2009) (post-conviction relief precluded when the ground alleged either was or could have been raised on direct appeal or in a previous proceeding). Bustos argues, however, that *State v. Regenold* permits the appeal. 226 Ariz. 378 (2011). But *Regenold* merely found that a defendant who pled guilty but later contested an alleged probation violation may appeal the resulting sentence, 226 Ariz. at 331 ¶ 1, and is factually inapposite. Here, Bustos was convicted, appealed his conviction, and had the conviction and sentence affirmed. While Bustos properly appealed under A.R.S. § 13–4033, he has waived the issue in this appeal because he could have raised the issue in his earlier appeal but did not. *See Pierson*, 107 Ariz. at 387; *Shrum*, 220 Ariz. at 118 ¶ 12.

---

[1]  At the revocation disposition, Bustos argued that the ten-year probation term imposed on the burglary count was also unlawful and excessive. The trial court terminated his probation on that count, however, and Bustos therefore does not argue its legality in this appeal.

## CONCLUSION

¶7        For the foregoing reason, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA